**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

PREMIER FABRICS, INC., a New York          :
Corporation,
                            Plaintiff,          :
                                                          Case No.: 13 CIV 07522
         -Against-                               :

WOODLAND TRADING, INC., a New         :
York Corporation; ROSS STORES, INC.,      :
A Delaware Corporation; DOES 1-10,          :

                    Defendants.                 :

-------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT



**KAKAR, P.C.**

Sumeer Kakar, Esq.
         525 Seventh Ave., Suite 1810
         New York, NY 10018
         212-704-2014
         sk@kakarlaw.net
         *Attorney for Defendants*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

    Procedural Background.................................................................................................. 3

    Factual background....................................................................................................... 4

    Background of The Art-Works At Issue........................................................................... 5

ARGUMENT .................................................................................................................... 6

    I.     THE STANDARD OF REVIEW UNDER FED. R. CIV. P. 12(B)(6)................................... 6

          a.    Alternately, When Faced With A Copyright Infringement Question, Courts In The Second Circuit Have Freely Granted Summary Judgment Before Discovery ..................................................... 7

          b.    Woodland And Ross Respectfully Request The Court To Take Judicial Notice ................................................................... 9

    II.    PLAINTIFF'S ENTIRE COPYRIGHT INFRINGEMENT CLAIM IS BARRED BECAUSE THERE IS NO SUBSTANTIAL SIMILARITY BETWEEN THE ART-WORK RENDERED ON THE GARMENTS IN QUESTION AND THE PROTECTABLE AND/OR COPYRIGHTABLE ELEMENTS OF THE PLAINTIFF'S WORK ............................................................................. 10

          a.    The Court Should Dismiss The Instant Copyright Claim At The Pleadings Level........................................................... 10

          b.    Plaintiff's Purportedly Copyrightable Art-work Is Not Original Because Plaintiff's Art-work Is A Reproduction Of A Work That Is Already In The Public Domain ................................................... 11

          c.    Whole Works, Or Elements Thereof, That Are Taken From The Public Domain And Reintroduced Into The Plaintiff's Work Are Not Available For Copyright Protection, And Defendants' Have The Right To Use Such Public Domain Works, Or Elements Thereof, Themselves ........................................................................ 15

    III.    ALTERNATIVELY, THE PLAINTIFF'S CLAIM FOR CONTRIBUTORY COPYRIGHT INFRINGMENT IS RIPE FOR DISMISSAL UNDER FED.R. CIV. P. 12(B)(6) FOR A FAILURE TO STATE A CLAIM............................................................. 22

          a.    Plaintiff Fails To Sufficiently Plead Vicarious Infringement ..................... 24

          b.    Plaintiff Fails To Sufficiently Plead Contributory Infringement ............... 26

CONCLUSION.................................................................................................................. 27

# TABLE OF AUTHORITIES

**Page**

## Cases

*Alexander v. Haley*,
     460 F. Supp. 40 (S.D.N.Y. 1978) ................................................................. 16, 19

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009)............................................................................................. 6

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
     531 F. Supp. 2d 620 (S.D.N.Y. 2008) .............................................................. 27

*Banff Ltd. v. Limited, Inc.*,
     869 F. Supp. 1103 (S.D.N.Y. 1994) .................................................................. 24

*Bell Atlantic Corp. v. Twombly*,
     550 U.S. 544, 127 S. Ct. 1955 (2007)................................................. 6, 7, 22, 23

*Blakeman v. Walt Disney Co*,
     613 F. Supp. 2d 288 (E.D.N.Y. 2009) ................................................................ 8

*Boisson, v. American Country Quilts, Inc.*,
     273 F.3d 262 (2d. Cir. 2001)......................................................... 12, 13, 14, 16

*Cabell v. Sony Pictures, Inc.*,
     714 F. Supp. 2d 452 (S.D.N.Y. 2010),
     *aff'm*, 425 Fed. Appx. 42 (2d. Cir. 2011) ........................................................ 16

*Canal+Image UK v. Lutvak*,
     773 F. Supp. 2d 419 (S.D.N.Y. 2011) ....................................................... passim

*Carell v. Shubert Org.*,
     99-civ-4997, 104 F. Supp. 2d 236 (S.D.N.Y. 2000) ................................ 23, 25, 27

*CNN, L.P. v. GoSMS.com, Inc.*,
     00-civ-4812, 2000 U.S. Dist. LEXIS 16156 (S.D.N.Y. 2000) ................... 23, 26, 27

*Cole v. John Wiley & Sons*, *Inc.*,
     11-civ-2090, 2012 U.S. Dist. LEXIS 108612 (S.D.N.Y. July 31, 2012 .............................. 3, 9

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
     982 F.2d 693 (2d. Cir. 1992)...................................................................... 12, 16

*Demetriades v. Kaufmann*,
    690 F. Supp. 289 (S.D.N.Y. 1988) ............................................................... 24

*Feist Publications, Inc. v. Rural Telephone Services Co.*,
    499 U.S. 340, 111 S. Ct. 1282 (1991) ..................................................... 11, 12

*Fisher Price, Inc. v. Well-Made Toy Mfg. Corp.*,
    25 F.3d 119 (2d. Cir. 1994) ............................................................. 12, 13, 14

*Flaherty v. Filardi*,
    388 F. Supp. 2d 274 (S.D.N.Y. 2005) ............................................................ 8

*Flood v. Kuhn*,
    407 U.S. 258, 92 S. Ct. 2099 (1972) ............................................................ 10

*Folio Impressions, Inc. v. Byer Cal.*,
    937 F.2d 759 (2d Cir. 1991) ....................................................................... 11

*Gal v. Viacom*,
    403 F. Supp. 2d 294 (S.D.N.Y. 2005) .......................................... 7, 11, 12, 15

*Galiano v. Harrah's Operating Co.*,
    00-civ-0071, 2004 U.S. Dist. LEXIS 8265 (E.D. La. May 10, 2004) .................... 23

*Goes Litho. Co. v. Banta Corp.*,
    97-civ-7223, 26 F. Supp. 2d 1042 (N.D. Ill. 1998) ..................................... 23, 25

*Holmes v. Grubman*,
    568 F.3d 329 (2d Cir. 2009) ........................................................................ 2

*Houghton Mifflin Co., v. Stackpole Sons, Inc. et al.*,
    104 F.2d 306 (2d. Cir. 1939) ..................................................................... 10

*In re Elevator Antitrust Litig.*,
    502 F.3d 47 (2d Cir. 2007) ........................................................................ 22

*In Re: MTBE Products Liability Litigation*,
    Master File No. 1:00-1898,
    2013 U.S. Dist. LEXIS 181837 (S.D.N.Y. Dec. 30, 2013) ............................... 3, 10

*Int'l Audiotext Networks, Inc. v. Am. Tel. and Tel. Co.*,
    62 F.3d 69 (2d. Cir. 1995) ........................................................................... 3

*Kelly v. L.L. Cool J.*,
    145 F.R.D. 32 (S.D.N.Y. 1992) ..................................................... 12, 23, 25, 27

*Key Publications, Inc., v. Chinatown Today Pub. Enterprise, Inc.*,
   945 F.2d 509 (2d Cir. 1991)................................................................................ 15

*Knitwaves, Inc. v. Lollytogs Ltd.*,
   71 F.3d 996 (2d. Cir. 1995).................................................................................. 14

*L.Batlin & Sons, Inc. v. Snyder*,
   536 F.2d 486 (2d. Cir. 1976)................................................................................ 18

*Lapine v. Seinfeld*,
   No. 09-civ-4423,
   2010 U.S. App. LEXIS 8778 (2d. Cir. April 28, 2010)........................................... 8

*Lewinson v. Henry Holt and Co.*,
   659 F. Supp. 2d 547 (S.D.N.Y. 2009) ................................................... 8, 12, 13

*Magnoni v. Smith & Laquercia, LLP*,
   701 F. Supp. 2d 497 (S.D.N.Y. 2010) ......................................................... 3, 10

*Mallery v. NBC Universal, Inc.*,
   2007 U.S. Dist. LEXIS 88960 (S.D.N.Y. Dec. 3, 2007) .................................... 8, 13

*Marvullo v. Gruner & Jahr*,
   105 F. Supp. 2d 225 (E.D.N.Y. 2000) ............................................................... 23

*Netbula, LLC v. Chordiant Software, Inc.*,
   08-civ-00019,
   2009 U.S. Dist. LEXIS 25372 (N.D. Cal. March 20, 2009)...................... 23, 25, 27

*Palmer Kane LLC, v. Scholastic Corp., et al.*,
   2014 U.S. Dist. LEXIS 44881 (S.D.N.Y. March 31, 2014).......................... 3, 7, 12

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
   602 F.3d 57 (2d Cir. 2010)........................................................................ passim

*Poindexter v. Cash Money Records*,
   2014 U.S. Dist. LEXIS 26985 (S.D.N.Y. March 3, 2014)....................................... 7

*RBS Holdings, Inc. v. Wells Fargo Century, Inc.*,
   485 F. Supp. 2d 472 (S.D.N.Y. 2007) ................................................................... 3

*Reyher v. Children's Television Workshop*,
   533 F.2d 87 (2d. Cir. 1976)................................................................................ 13

*Rothman v. Gregor*,
   220 F.3d 81, 88-89 (2d. Cir. 2000)....................................................................... 3

*Russ Berrie & Co., Inc. v. Elsner Co., Inc.*,
    482 F. Supp. 980 (S.D.N.Y. 1980) ............................................................................ passim

*Seals v. Compendia Media Group*,
    02-civ-0920, 2003 U.S. Dist. Lexis 2980,
    (N.D. Ill. Feb. 27, 2003) ............................................................................ 25, 27

*Silverman v. CBS Inc.*,
    870 F.2d 40 (2d Cir. 1989) ............................................................................ 16, 20, 21

*Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*,
    118 F.3d 955 (2d. Cir. 1997) ............................................................................ 24, 26, 27

*Tabachnik v. Dorsey*,
    04-civ-9865, 2005 U.S. Dist. LEXIS 14267,
    (S.D.N.Y. July 15, 2005) ............................................................................ 9

*The Bridgeman Art Library, Ltd., v. Corel Corp.*,
    25 F. Supp. 2d 421 (S.D.N.Y. 1998) ............................................................................ 11, 12, 18

*Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*,
    338 F.3d 127 (2d Cir. 2003) ............................................................................ passim

*UMG Recordings, Inc. v. Veoh Networks Inc.*,
    07-civ-5744, 2009 U.S. Dist. LEXIS 14955 (C.D. Cal. Feb. 2, 2009) ...................... 23, 25, 27

*UMG Recordings, Inc. v. Veoh Networks Inc.*,
    2009 U.S. Dist. LEXIS 70553 (C.D.Cal. May 5, 2009) ................................................ 25, 27

*Walker v. Time Life Films, Inc.*,
    784 F. 2d 44 (2d. Cir. 1986) ............................................................................ 8, 9, 12

*Williams v. Crichton*,
    84 F.3d 581 (2d Cir. 1996) ............................................................................ 13, 14

*Willis v. HBO*,
    00-civ-2500, 2001 U.S. Dist. LEXIS 17887,
    (S.D.N.Y. Nov. 5, 2001), *aff'm*, 2003 U.S. App LEXIS 4063 (2d. Cir. Mar. 7, 2003)........ 9, 10

## Statutes

17 U.S.C. § 102 ............................................................................ 12

17 U.S.C. § 103 ............................................................................ 15

17 U.S.C. §§ 101-810, Copyright Act of 1976 ............................................................................ 11, 13

**Other Authorities**

1 Nimmer on Copyright § 41........................................................................................ 17

3 William F. Patry, *Patry on Copyright* § 9:137 (2008) .................................................. 16

**Rules**

Fed. R. Civ. P. 10.................................................................................................... 7

Fed. R. Civ. P. 12........................................................................................... passim

Fed. R. Civ. P. 56................................................................................................ 1, 8

Fed. R. Evid. 201.................................................................................................. 9

Defendants, Woodland Trading Inc., ("Woodland") and Ross Stores, Inc. ("Ross") (collectively, herein: "Defendants"), hereby respectfully submit their Memorandum of Points and Authorities in Support of their Motion to Dismiss, pursuant to Fed. R. Civ. P. 12 (b)(6), for an order dismissing, with prejudice, the First Amended Complaint ("FAC") of Plaintiff Premier Fabrics, Inc. ("Premier" or "Plaintiff") for a failure to state a cognizable claim of relief. Alternatively, Defendants respectfully request that the Court issue summary judgment dismissing the Plaintiff's FAC entirely under Fed. R. Civ. P. 56.

## PRELIMINARY STATEMENT

Plaintiff purportedly is the owner of a copyright in an art-work it has designated as P1515 ("Plaintiff's work"), and has sued Defendants' alleging that Plaintiff's work has been infringed by garments provided to Ross by Woodland.  As discussed comprehensively herein, Plaintiff's suit is nothing more than an attempt to wrongfully assert monopolistic control over a two-dimensional work that is not an original creation of the Plaintiff, and which traces to an existence in the public domain as far back as 1973.

Plaintiff's copyright infringement claim is defective because, as a matter of law, there is no substantial similarity between the protectable elements of the works at issue.  It is a tenet of copyright law that the copyright protection in a derivative work, which is built upon pre-existing works, extends only to embellishments and modifications that are the original contribution of the derivative work author and not attributable to works already in existence.  Consequently, Plaintiff has no copyright claim over elements of its work that parrot works already in the public domain, and the Defendants are as free as the Plaintiff to use the public domain works.

1

Next, a complaint alleging copyright infringement must allege originality of the claimed work, in addition to ownership, proper registration, and the time frame of the alleged infringement. Here, the FAC is void of the word "original," let alone any explicit claims that the Plaintiff's work is original. Indeed, this careful omission from the FAC is indicative of the fact that the Plaintiffs' work is not original and is a reintroduction of a design that has resided in the public domain since as early as 1973.  The lack of originality bars any copyright protection, and the failure to allege the bedrock requirement of copyright protection—originality—renders the FAC defective and ripe for dismissal.

Third, the Court should alternatively dismiss Plaintiff's Second Cause of Action for Vicarious and Contributory Copyright Infringement, because Plaintiff's contributory infringement claim sets forth no facts to support it. Plaintiff seeks to impose far-reaching liability on Defendants for the acts of each other by merely alleging the elements of the cause of action. As our Supreme Court's opinion set forth herein states, such allegations cannot survive a pleading challenge. Many courts have applied the Supreme Court's opinions discussed below to dismiss claims for derivative infringement based on allegations more robust than those at issue here. This Court should do the same.

## STATEMENT OF FACTS

The facts expressed herein are derived from the FAC;[1] from documents incorporated by reference in or integral to the FAC, including the Certificate of Registration for the Plaintiff's

---

[1] The allegations set forth by the Plaintiff in the FAC are only presumed to be true solely for the purpose of the instant motion. *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ("accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor" only for the purpose of a motion to dismiss). Otherwise, Defendants vigorously deny Plaintiff's allegations.

work, which is given the Registration No. VA0001749330 ("Registration");[2] and public records

or matters available for judicial notice.[3]

**Procedural Background**

Plaintiff first filed its action for copyright infringement on August 6, 2013 in the Central

District of California. (Dkt. No. 1). District Judge Patrick Walsh's Order on the Defendants'

motion to dismiss, or in the alternative, to transfer the action, transferred the suit from the

Central District of California to the Southern District of New York on October 23, 2013, leaving

open for the Court in New York to rule on the Defendants' pending motion to dismiss. (Dkt. No.

22).  This Court issued an Order on the Defendants' remaining motion to dismiss that was filed

in California—your Honor dismissed the Plaintiff's claim of copyright infringement with leave to

amend. (Dkt. No. 26). Once the case was transferred, the Plaintiff made no appearance or effort

whatsoever to further prosecute their case for more than six months, or until June 5, 2014

(when the Plaintiff attempted to file and serve the FAC). (*See* Dkt. No. 25; Dkt. No. 27).  The

instant motion is in response to the Plaintiff's FAC, where Woodland and Ross respectfully

---

[2] On a motion to dismiss, the Court may consider any written instrument attached to the FAC, as well as any exhibits or any statements or documents incorporated in the FAC by reference. *Palmer Kane LLC, v. Scholastic Corp.*, 12-civ-3890, 2014 U.S. Dist. LEXIS 44881, at *7, (S.D.N.Y. March 31, 2014) (quotation marks omitted); *See also Rothman v Gregor*, 220 F.3d 81, 88-89 (2d. Cir. 2000); *Int'l Audiotext Networks, Inc. v. Am. Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d. Cir. 1995) ("the court may nevertheless take documents into consideration," even when the plaintiff chooses not to attach documents integral to and referenced by the complaint) **(emphasis added)**; *See also In Re: MTBE Products Liability Litigation*, Master File No. 1:00-1898, 2013 U.S. Dist. LEXIS 181837, at *16 (S.D.N.Y. Dec. 30, 2013) ("Courts routinely take judicial notice of data on government websites because it is presumed authentic and reliable."); *See also Magnoni v. Smith & Laquercia*, LLP, 701 F. Supp. 2d 497, 501 (S.D.N.Y. 2010) ("It is generally proper to take judicial notice of articles and websites published on the internet.") (internal quotation omitted); *RBS Holdings, Inc. v. Wells Fargo Century, Inc.*, 485 F. Supp. 2d 472, 477 (S.D.N.Y. 2007) (Premier "cannot avoid the Court's consideration of a document simply by failing to explicitly reference it").

[3] *See Cole v. John Wiley & Sons*, Inc., 11-civ-2090, 2012 U.S. Dist. LEXIS 108612, at *21 (S.D.N.Y. Aug. 1, 2012) ("On a motion to dismiss a complaint, the Court considers . . . matters of which judicial notice may be taken.").

request an Order dismissing the Plaintiff's entire FAC with prejudice.  In accordance with your Honor's Individual Practice Rules, attached hereto as Exhibit A is a true and correct copy of the FAC.

**Factual background**

Woodland is a New York corporation that operates its business in New York. Sudhir Kakar Decl., at ¶ 2; FAC., at ¶ 5. Woodland is an importer and provider of wholesale garments to retailers, including Ross. *Id.* at ¶ 3. Typically, Woodland offers its customers the choice of fabric to combine with their choice of silhouette. *Id.*, at ¶ 5. This process of permutation allows Woodland to offer its customers a high volume of products. *Id.* Woodland sells exclusively to chain retailers and has a select group of customers.

Woodland obtains fabric swatches and samples from its overseas suppliers, from where Woodland selects fabrics to offer to its retail customers.  Sudhir Kakar Decl., at ¶ 6.  The garments in question were supplied to Woodland by Bloom Enterprise, of Dong Guan City, China ("Bloom"). *Id.*, at ¶ 7.  Therefore, the fabric samples that led to the procurement of the garments in question came from Bloom as well.  Plaintiff alleges that the garments in question infringe upon Plaintiff's work that is the subject of the Registration. FAC., *Id.*, at ¶ 10-14.

In response to the Plaintiff's allegations, Bloom has advised Woodland that the design rendered on the garments in question, which Bloom supplied to Woodland and Woodland wholesaled to Ross, originates from Hajime Õuchi's book titled "Japanese Optical And Geometrical Art: **746 Copyright-Free Designs** For Artists And Craftsmen."  Õuchi, H. *Japanese Optical and Geometrical Art.* New York: Dover, 1977; *See* Sudhir Kakar Decl., at ¶ 8-9.

Mr. Õuchi's book of designs was first published in 1973 by Leading Part Co., of Japan, and subsequently, in 1977 Dover Publications of Mineola, New York, took over as the publisher. Counsel Decl., at ¶ 7; *See* Exhibit H.  The book bears an International Standard Book No. 13: 9780486235530, and a Library of Congress Catalog Card No. 77-082360. *Id*. at ¶ 7. Attached hereto as Exhibit C, as part of the undersigned Counsel's declaration submitted herewith, is a true and correct copy of Mr. Õuchi's book's cover. Further, the book is available for preview in digital format on Google books. *Id*. at ¶ 6. As patently stated in the title, Mr. Õuchi's book is a collection of designs that are "copyright-free" and in the public domain. *Id*. at ¶ 5.

## Background of The Art-Works At Issue

Unique to this motion in copyright infringement cases, is the need to review and compare three, instead of just the (i) purportedly protected work and the (ii) accused work, different works. The three works requiring the Court's comparison and analysis are: (1) the Plaintiff's work; (2) the work rendered on the Defendants' garments in question;[4] and (3) Mr. Õuchi work from 1973 that is in the public domain.[5]

Defendants obtained from the United States Copyright Office ("Copyright office") a true and correct copy of the Plaintiff's deposit of its purportedly copyrightable work under the Registration relied on and referenced by the Plaintiff in the FAC.[6] Counsel Decl., at ¶ 4. Attached hereto as Exhibit D is a true and correct copy of the Plaintiff's deposits obtained by the Defendants from the Copyright Office.  The Plaintiff's work consists of a four-rectangle

---

[4] The Plaintiff's work and the art-work rendered on the Defendants' garments are displayed on page 5 of the FAC.  *See* Exhibit A.

[5] As set forth *infra*, The Defendants respectfully request that the Court take Judicial Notice of Mr. Õuchi's book, <u>Japanese Optical and Geometrical Art</u>.

[6] *Supra*, Footnote 2.

motif set in a repeat pattern, with slanted bars within each rectangle, where the said bars run on the bias and are characterized with serrated/brush-stroke like edges. *See* Exhibit D.

Next, attached hereto as Exhibit E is a true and correct copy of the art-work rendered on the garments in question, as depicted in the FAC.  *See* FAC., at ¶ 17; *See also* Exhibit E. The art-work on the garments in question consists of a four-rectangle motif set in a repeat pattern, with slanted bars within each rectangle, where the said bars run on the bias and are characterized with straight/clean edges.  *See* Exhibit E.

Finally, the Court's analysis requires a review of Mr. Õuchi's design, shown on the bottom right of page 117 of his book. *See* Exhibit F.  Attached hereto as Exhibit G is an accurate display of Mr. Õuchi work available in the public domain.[7]  The public domain work consists of a four-rectangle motif, with slanted bars within each rectangle, where the said bars run on the bias and (like the art-work rendered on the garments[8]) are characterized with straight/clean lines that form the said bars. *See* Exhibit G. The book displays the four-rectangle motif in magnification, as it is interposed upon itself. *See* Exhibit F & G.  The bottom half of the attached hereto Exhibit G is a true and correct display of how the smaller four-rectangle motif looks once separated from its larger version (upon which it is interposed). *See* Exhibit G.

## ARGUMENT

### I.   THE STANDARD OF REVIEW UNDER FED. R. CIV. P. 12(B)(6)

To avoid dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must state facts demonstrating a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937,

---

[7] *Supra*, Footnote 4.
[8] *See* Exhibit E.

1949-50 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Furthermore, this District Court has noted that in order to meet the pleadings requirement Plaintiffs must allege sufficient facts to "nudge . . . their claims across the line from conceivable to plausible." *Poindexter v. Cash Money Records*, 2014 U.S. Dist. LEXIS 26985, at *5 (S.D.N.Y. March 3, 2014) (*citing Twombly, 550 U.S. at 570*). Even though, when "deciding a motion to dismiss, the court accepts as true all well-pleaded allegations contained in the complaint and draws all reasonable inferences in favor of the plaintiff"; the plaintiff is responsible for showing the existence of "more than a sheer possibility" that the accused acted illegally.  *Palmer Kane LLC, v. Scholastic Corp., et al.*, 2014 U.S. Dist. LEXIS 44881, at *6-7 (S.D.N.Y. March 31, 2014) (*citing Twombly*, 550 U.S. at 555-56).  Where a complaint does not meet our Supreme Court's standard of pleading, the complaint's "basic deficiency . . . should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (emphasis added).

### a. Alternately, When Faced With A Copyright Infringement Question, Courts In The Second Circuit Have Freely Granted Summary Judgment Before Discovery

Courts grant such motions to dismiss copyright infringement claims with regularity, considering that the works subject to the Court's review are available through the FAC and referenced documents. *Canal+Image UK v. Lutvak*, 773 F. Supp. 2d 419, 426 (S.D.N.Y. 2011); *See also* Fed. R. Civ. P. 10 (c); *Gal v. Viacom*, 403 F. Supp. 2d 294, 305 (S.D.N.Y. 2005) ("[A]mple

authority for the proposition that a district court may make [a determination of substantial similarity as a matter of law] on a motion to dismiss for a failure to state a claim."); *See also Lapine v. Seinfeld*, No. 09-civ-4423, 2010 U.S. App. LEXIS 8778, at *2 (2d. Cir. April 28, 2010) (affirming dismissal of copyright claim on a motion to dismiss).

Alternately, in the event the Court deems the three works at issue to be outside the pleadings, then this motion should be treated as a motion for summary judgment. Fed. R. Civ. P. 56 & 12(d); *Mallery v. NBC Universal, Inc.*, 2007 U.S. Dist. LEXIS 88960, at *6 (S.D.N.Y. Dec. 3, 2007); *Lewinson v. Henry Holt and Co.*, 659 F. Supp. 2d 547, 554-55 (S.D.N.Y. 2009) ("[I]n the copyright context, when analyzing the issue of substantial similarity based on analysis of the . . . works," it is not unusual for courts to consider a motion for summary judgment prior to discovery.) (*quoting Blakeman v. Walt Disney Co*, 613 F. Supp. 2d 288, 298 (E.D.N.Y. 2009)); *See also Walker v. Time Life Films, Inc.*, 784 F. 2d 44, 48 (2d. Cir. 1986) ("[D]istrict court may determine noninfringment as a matter of law on a motion for summary judgment either when the similarity concerns only noncopyrightable elements of the plaintiff's work, or when no reasonable trier of fact could find the works substantially similar."). In either case, discovery is unnecessary for the Court to grant either motion, as the works at issue are available for the Court's analysis and review, and "the similarity concerns only noncopyrightable elements." *Walker v. Time Life Films, Inc.*, 784 F. 2d at 48; *See also Lewinson*, 659 F. Supp. 2d at 554-55; *Flaherty v. Filardi*, 388 F. Supp. 2d 274, 283-84 (S.D.N.Y. 2005) (conducting discovery is not required or needed to address a summary judgment motion to dismiss a copyright claim based on the lack of substantial similarity as a matter of law).

**b.**     **Woodland And Ross Respectfully Request The Court To Take Judicial Notice**

Pursuant to Fed. R. Evid. 201 (b)(2), Woodland and Ross respectfully request that the Court take judicial notice of Mr. Õuchi's book, _Japanese Optical and Geometrical Art._ New York: Dover, 1977.  This book is readily available via a host of retail outlets and vendors, is published by a publication company based in New York, and as patently stated on the cover, is a part of the public domain. Counsel Decl., at ¶ 17.

Indeed, the Court is free to take judicial notice of elements in pre-existing published works for purposes of analyzing substantial similarity between the works in question. _Walker_, 615 F. Supp. 430, 438 (S.D.N.Y. 1985), _aff'm_, 784 F.2d at 50 (2d. Cir. 1986).  Under Fed. R. Evid. 201(b)(2), the Court is free to "take judicial notice of facts within the public domain and public records if such facts and records are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." _Tabachnik v. Dorsey_, 04-civ-9865, 2005 U.S. Dist. LEXIS 14267, at *6 (S.D.N.Y. July 15, 2005) (internal quotation marks omitted). As applicable here, the Court is free to take judicial notice of published works for its review and analysis of substantial similarity in copyright infringement cases. _See e.g., Canal+Image UK_, 773 F. Supp. at 427 (The Court incorporates a public domain novel in its analysis of substantial similarity, as a matter of law, between the plaintiff and defendant works); _See Willis v. HBO_, 00-civ-2500, 2001 U.S. Dist. LEXIS 17887, at *5 (S.D.N.Y. Nov. 5, 2001), _aff'm_, 2003 U.S. App LEXIS 4063 (2d. Cir. Mar. 7, 2003) (taking judicial notice that "books, movies and television series are full of such unethical men and women in a variety of businesses . . ."); _See Cole v. John Wiley & Sons, Inc._, 11-civ-2090, 2012 U.S. Dist. LEXIS 108612, at *21 (In a copyright dispute, the Court states that "[o]n a motion to dismiss a complaint, the Court considers . . . matters of which

judicial notice may be taken."); *See also Flood v. Kuhn*, 407 U.S. 258, 260-62, 92 S. Ct. 2099 (1972) (taking judicial notice of various authoritative books on baseball); *See also In Re: MTBE Products Liability Litigation*, Master File No. 1:00-1898, 2013 U.S. Dist. LEXIS 181837, at *16 (S.D.N.Y. Dec. 30, 2013) ("Courts routinely take judicial notice of data on government websites because it is presumed authentic and reliable."); *See also Magnoni v. Smith & Laquercia*, LLP, 701 F. Supp. 2d 497, 501 (S.D.N.Y. 2010) ("It is generally proper to take judicial notice of articles and websites published on the internet.") (internal quotation omitted).  Further, it is incorrect to think that "judicial notice cannot be taken of matters not pleaded, for under ordinary rules, matters judicially noticed control and supersede matters alleged." *Houghton Mifflin Co., v. Stackpole Sons, Inc. et al.*, 104 F.2d 306, 311 (2d. Cir. 1939) (internal citation omitted).

Hence, in light of the available authority, the Court need not "strain the concept of judicial notice" in considering Mr. Õuchi's book identified herein, and the copy of the Plaintiff's Registration (*See* Exhibit B) taken from the Copyright Office's official website, for its review and analysis of the instant motion. *quoting Willis*, 2001 U.S. Dist. LEXIS 17887, at *5.

## II.   PLAINTIFF'S ENTIRE COPYRIGHT INFRINGEMENT CLAIM IS BARRED BECAUSE THERE IS NO SUBSTANTIAL SIMILARITY BETWEEN THE ART-WORK RENDERED ON THE GARMENTS IN QUESTION AND THE PROTECTABLE AND/OR COPYRIGHTABLE ELEMENTS OF THE PLAINTIFF'S WORK

### a.    The Court Should Dismiss The Instant Copyright Claim At The Pleadings Level

The second Circuit has established that copyright infringement claims are ripe for dismissal at the pleadings level when "the similarities between two works concerns only non-copyrightable elements of the plaintiff's works, or because no reasonable jury, properly instructed, could find that the two works are substantially similar" with respect to the

copyrightable material within the compared works. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (internal quotation omitted).  "When a court is called upon [at the pleadings stage] to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary, because what is required is only a visual comparison of the works." *Id.* at 64 (*citing Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 766 (2d Cir. 1991) (internal quotations omitted). Notwithstanding any contrary allegations or conclusions, "[i]n copyright infringement actions, the works themselves supersede and control contrary descriptions of" the said works at issue. *Id.* at 64 (internal citation and quotations omitted).

Here, the Court has ample authority to determine and decide at this early stage that the Plaintiff's work recycles a design that resides in the public domain; and a comparison of the Plaintiff's work and the allegedly infringing garment shows no substantial similarity of original, copyrightable, and/or protectable expressions of an idea; therefore, Plaintiff's infringement claim does not plausibly give rise to an entitlement of relief.  *Peter F. Gaito Architecture, LLC*, 602 F.3d at 64-65 (internal quotation omitted); *See also Gal*, 403 F.Supp. 2d at 305 ("there is ample authority for the proposition that a district court may" rule on the question of substantial similarity under a Fed. R. Civ. P. 12(b)(6) motion).

### b.   Plaintiff's Purportedly Copyrightable Art-work Is Not Original Because Plaintiff's Art-work Is A Reproduction Of A Work That Is Already In The Public Domain

It is unquestionable that "[t]o establish copyright infringement under the Copyright Act of 1976 [(the "Act")], a plaintiff must establish ownership of a valid copyright and copying." *The Bridgeman Art Library, Ltd., v. Corel Corp.*, 25 F. Supp. 2d 421, 425 (S.D.N.Y. 1998) (*citing Feist Publications, Inc. v. Rural Telephone Services Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282 (1991)).

With respect to the element of copying[9]—It is axiomatic that "[n]ot all copying ... is copyright infringement." *See Feist Pubs.*, 499 U.S. at 361. Rather, because the *sine qua non* of copyright is originality, copyright protection extends only to original works. *Id.* at 345.[10] Indeed, "Originality is a constitutional mandated prerequisite for copyright protection." *Id.* at 351.  Therefore, to establish the copying element necessary for infringement, Plaintiff must show that the alleged copying consists of "substantial similarity  . . . between the [Defendants' accused garment] and the protectable elements of the" Plaintiff's art-work.  *Lewinson v. Henry Holt and Co.*, 659 F. Supp. 2d 547, 562 (S.D.N.Y. 2009) (*citing Fisher Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119, 122-23 (2d. Cir. 1994)); *Gal*, 403 F. Supp. at 299 (A plaintiff must demonstrate substantial similarity between the defendant's work and the protectable elements of plaintiff's work) (internal citation and quotations omitted); *Peter F. Gaito Architecture, LLC*, 602 F.3d at 63 (same); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 710 (2d. Cir. 1992) (Public

---

[9] Although Plaintiff's allegations of access are woefully thin, *See* Exhibit A, FAC, at ¶ 20, solely for the purposes of this motion the Defendants' will submit to the fiction that access existed.  *See Walker*, 784 F.2d at 48.

[10] Notwithstanding that a copyright registration constitutes prima facie evidence of originality of the claimant's work, *Boisson*, 273 F.3d at 268, it is telling the Plaintiff carefully drafts the FAC by omitting any claims, or the sheer mention, of originality. *See* FAC, Exhibit A.  As your Honor notes in *Corel Corp.*, 25 F. Supp. 2d at 427, originality is a non-negotiable requirement for securing protection. *See* 17 U.S.C. § 102 (a); *See also Feist*, 499 U.S. at 348. Moreover, this district court has recognized that "[t]o plead a copyright infringement claim, a plaintiff must allege . . . that there are specific, original works at issue . . ."  among other elements. *Palmer Kane LLC, v. Scholastic Corp.*, 12-civ-3890, 2014 U.S. Dist. LEXIS 44881, at *7, (S.D.N.Y. Mar. 31, 2007) (*citing Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992)).  Here, the Plaintiff is merely hiding its copyright claim behind the prima facie validity of originality afforded to a copyright registration, and not properly pleading the originality requirement that is essential to an infringement claim. *Boisson*, 273 F.3d at 268; *See Corel Corp.*, 25 F. Supp. at 427.  Indeed, the Plaintiff is required to plead (i) ownership of the copyright; (ii) registration; and (iii) time frame of alleged infringement *independently* of alleging the separate element of originality.  *Palmer Kane LLC*, 2014 U.S. Dist. LEXIS 44881, at *7 (emphasis added). **By not once alleging, or even mentioning the potential for, originality of the purportedly protected work, the Plaintiff fails to sufficiently plead a copyright infringement claim; and therefore, the Court is presented with a separate and independent ground to dismiss the FAC, as a matter of law, for a failure to state a claim for copyright infringement.** *Id*.

domain designs are "free for the taking and cannot be appropriated by a single author even though it is included in a copyright work."); *See also Boisson, v. American Country Quilts, Inc.*, 273 F.3d 262, 268 (2d. Cir. 2001) (If a work is not original, then it is unprotectable); *See also Reyher v. Children's Television Workshop*, 533 F.2d 87, 90 (2d. Cir. 1976) (actionable infringement must consist of improper appropriation of original expressions of ideas);

Hence, to determine actionable copying under the Act, when the purportedly protected work and the accused work are similar, "a court must 'analyze the . . . works closely to figure out [the similarities], if any, . . . **and then determine whether these similarities are due to protected aesthetic expressions original to the allegedly infringing work, or whether the similarity is to something in the [Plaintiff's work] that is free for the taking**.'" *Mallery v. NBC Universal, Inc., et al.*, Civ. No. 07-2250, 2007 U.S. Dist. LEXIS 88960, at *4 (S.D.N.Y. Dec.3, 2007) (*quoting Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003)). In analyzing substantial similarity, the question in this Circuit is "whether an average lay observer would recognize the alleged copy as having being [copied] from the copyrighted work." *Lewinson*, 659 F. Supp. at 564; *Williams v. Crichton*, 84 F.3d 581, 590 (2d Cir. 1996) (The test is "whether a lay observer would consider the works as a whole substantially similar to one another."); *Boisson*, 273 F.3d at 272 (same); *Peter F. Gaito Architecture, LLC*, 602 F.3d at 66 (same).

However, when the Court is faced with works, "that have both protectable and unprotectable elements," the Court's analysis is heighted to be "more discerning." *Peter F. Gaito Architecture, LLC*, 602 F.3d at 66 (*quoting Fisher Price*, Inc., 25 F.3d at 123). The heighted,

"more discerning," level of analysis requires that the Court "attempt to extract the unprotectable elements from [its] consideration and ask whether the protectable elements, standing alone, are substantially similar." *Canal+Image UK*, 773 F. Supp. 2d at 428 (*quoting Knitwaves, Inc, v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d. Cir. 1995)); *Williams*, 84 F.3d at 588 (same); *See also Boisson*, 273 F.3d at 272 (The "more discerning" test administered by courts in the Second Circuit seeks to determine whether there is substantial similarity, for the purposes of copyright infringement, between those elements, and only those elements, that provide copyrightability to the copyright claimant's work.) (internal citation and quotation marks omitted). Here, the Court must administer the "more discerning" test to determine substantial similarity, since the Court's analysis must factor for the public domain design that is part of both parties' works in question—thus, the Court must filter away stock elements, and public domain designs, before determining substantial similarity as a matter of law. *Fisher Price, Inc.*, 23 F.3d at 123; *See also Canal+Image UK*, 773 F. Supp. 2d at 428.

If the similarities between the works are determined to be unprotectable elements, i.e. because the purportedly protected work is an adaptation of a work already in the public domain and consists of none or "merely trivial" contributions to the public domain work, then a claimant's spurious cries of infringement fail as a matter of law. *Canal+Image UK*, 773 F. Supp. 2d at 441; *Russ Berrie & Co., Inc. v. Elsner Co., Inc.*, 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *See also Williams*, 84 F.3d at 588-89 (When the similarities between the compared works "arise from noncopyrightable elements", then the district court is correct to conclude that there is no case for copyright infringement.); *Tufenkian Import/Export Ventures, Inc.*, 338 F.3d at 135 ("[C]opying is not unlawful if what was copied from the allegedly infringed work was not

protected . . ."); *Peter F. Gaito Architecture, LLC*, 602 F.3d at 69 (The central question in copyright infringement cases is "whether defendants misappropriated the protectable elements of" claimed original works.).

Here, the Plaintiff's infringement claim woefully fails as a matter of law because the similarity between the Plaintiff's work and the Defendants' accused garments involve non-copyrightable elements and/or similarities that are taken from the public domain—the works in question are indistinguishable from a design that already exists in the public domain. *Russ Berrie & Co.*, 482 F. Supp. at 988; *See also Gal*, 403 F.Supp. 2d at 305.

> **c.** **Whole Works, Or Elements Thereof, That Are Taken From The Public Domain And Reintroduced Into The Plaintiff's Work Are Not Available For Copyright Protection, And Defendants' Have The Right To Use Such Public Domain Works, Or Elements Thereof, Themselves**

"The copyright in a . . . derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material." 17 U.S.C. § 103 (b); *Key Publications, Inc., v. Chinatown Today Pub. Enterprise, Inc.*, 945 F.2d 509, 515 (2d Cir. 1991) (The "mere[] appropriate[ion of] elements in the public domain" does not support a finding of infringement.).   In other words, the Plaintiff cannot disguise public domain designs as its own original work through a faulty and misinformed registration, and then, use that registration as the basis for preventing others from using the same public domain design. *Russ Berrie & Co.*, 482 F. Supp. at 988.   Indeed, this is an inherent copyright law principle, reiterated by the Second Circuit, that:

"If a work is not original, then it is unprotectible. Likewise an element within a work may be unprotectible even if other elements, or the work as a whole, warrant protection. **Some material is unprotectible because it is in the public domain, which means that it 'is free for the taking and cannot be appropriated by a single author even though it is included in a copyrighted work.'**" *Boisson v. Banian, Ltd.*, 273 F.3d 262, 268-69 (2d. Cir. 2001) (*citing Computer Assocs. Int'l, Inc.*, 982 F.2d at 710) (emphasis added).

Professor Patry's metaphor cited in *Cabell v. Sony Pictures, Inc.*, 714 F. Supp. 2d 452, 459 (S.D.N.Y. 2010), *aff'm*, 425 Fed. Appx. 42, (2d. Cir. 2011),  best embodies this Circuit's view, such that "[w]here the parties' works contain a significant amount of public domain material, the court of appeals . . . requires that . . . public domain trees be left out of the forest." 3 William F. Patry, *Patry on Copyright* § 9:137 (2008); *See also Silverman v. CBS Inc.*, 870 F.2d 40, 49 (2d Cir. 1989) (It is well established "that a copyright affords protection only for original works of authorship and, consequently, copyrights in derivative works secure protection only for the incremental additions of originally contributed by the authors of the derivative works."); *See also Alexander v. Haley*, 460 F. Supp. 40, 45 (S.D.N.Y. 1978) ("Where common sources exist for the alleged similarities, or the material that is similar is otherwise not original with the plaintiff, there is no infringement.") (internal citation omitted); *See also Tufenkian Import/Export Ventures, Inc.*, 338 F.3d at 131-32; *Peter F. Gaito Architecture, LLC*, 602 F.3d at 67.

In dismissing the instant claim of copyright infringement, the Court need not look further than the analogous situation in *Russ Berrie*; where the Plaintiff sought to impose infringement allegations on the basis of a copyright registration obtained by concealing from the Copyright Office that the toy in question was taken from the public domain. 482 F. Supp. at 988. In *Russ Berrie*, the Plaintiff, a toy manufacturer, purchased a Japanese gorilla toy from overseas and provide the gorilla toy to its overseas supplier. *Id.* at 983.

16

The Plaintiff instructed the supplier to make a sample gorilla toy for his company with "certain changes": which included (1) changing the original Japanese gorilla's "plush covering and stuffing;" (2) to make the sample gorilla "somewhat smaller;" (3) "add eyebrows" to the new gorilla sample; (4) to "eliminate the ball and chain that the Japanese gorilla wore around one ankle;" (5) to "use a neck plaque reading 'Beware, Gonga Loves You;'" (6) to "alter the skin tone and facial dimensions" of the sample gorilla; (7) "and paint the nose all brown." *Id*.

Notwithstanding the several changes the Plaintiff made to the public domain toy, the Court dismissed such changes as "merely trivial" in finding that Defendant toy manufacturer's accused gorilla did not infringe because both parties' gorilla toy traced back to the public domain. *Russ Berrie*, 482 F. Supp. at 987-89 (The Court found "a serious element of inequity in preventing [defendant] from marketing its gorilla when virtually identical public domain" gorillas are readily available in the market) (emphasis added). The Court was not "persuaded that [plaintiff's] modifications are of sufficient originality [beyond the public domain work] to support a copyright." *Id*. at 987. The Court notes that "[b]oth Professor Nimmer and . . . case law in this district reject the notion that a derivative work copyright protects against copying the public domain aspects of that work." *Id*. at 989 (*citing* 1 Nimmer on Copyright § 41).[11]

---

[11] In *Russ Berrie*, the Court discusses the negative implications of concealing the pre-existing and/or public domain material in the claimant's work at issue, a fact that is analogous to the instant case.  In *Russ Berrie*, the Court notes that the Plaintiff misrepresented its gorilla toy to the Copyright Office by stating on its application that the whole gorilla toy was the Plaintiff's original creation. 482 F. Supp. at 984, 987. With respect to the concealment of the public domain source of the claimed work, the Court states that such misrepresentation of facts interferes with the Copyright Office's ability to evaluate the originality question, *Id*. at 984 (internal citation omitted), and "[t]he knowing failure to advise the Copyright Office of fact s which might have occasioned a rejection of the application constitute reason for holding the registration invalid." *Id*. at 988. Here, a review of the Plaintiff's Registration, attached as Exhibit B, shows that the Plaintiff claims its work to wholly be its originally creation.  When faced with

Here, a comparison of the Plaintiff's work with Mr. Õuchi's public domain work clearly shows that the Plaintiff's work is a repeat of Mr. Õuchi's—the only recognizable, and totally inconsequential, difference between the public domain motif and the motif utilized by the Plaintiff is that the Plaintiff's motif uses serrated lines to create the slanted bars within the four rectangles, and the public domain motif uses sharp lines to form the slanted bars (giving the slanted bars a clean and outlined appearance). *Cf*. Exhibit D & G.  Presumably the Plaintiff will argue that its work is different than the public domain design because the Plaintiff formatted the public domain motif in a repeat.  Plaintiff admits that it is in the business of fitting designs for printing upon textile. FAC, at ¶ 16.  The process of formatting a motif or design into a "repeat" pattern is for the basic purpose of printing the design onto a roll of fabric without breaks, where the printed roll of fabric is used to manufacture garments or other fabric products. In other words, when fabric is the desired medium to depict a particular design for commercial purposes, the design must be formatted for the fabric dimensions. However, "[t]he mere reproduction of a work of art in a different medium should not constitute the required originality for the reason that no one can claim to have independently evolved any particular medium" (such as fabric). *Corel Corp.*, 25 F. Supp. 2d. at 427 (*quoting L.B*)*atlin & Sons, Inc. v. Snyder*, 536 F.2d 486, 491 (2d. Cir. 1976)  Put simply, the mere fact that the Plaintiff formatted the public domain design into a repeat for the purpose of printing onto fabric, as part of the fabric business, does not provide the Plaintiff's work copyright protection—the Court in *Russ*

---

Mr. Õuchi's public domain work, attached hereto as Exhibit F & G, Plaintiff's assertion that the claimed work is wholly original is "disingenuous given the striking similarity between" the Plaintiff's work and Mr. Õuchi's public domain work. *See Russ Berrie*, 482 F. Supp. at 987.  Simply given that Plaintiff did not afford the Copyright Office the opportunity to evaluate its work's originality in the face of the public domain work—Plaintiff's Registration is invalid and cannot support this suit.

Berrie rejected several more meaningful modifications to the public domain work. See 483 F. Supp. at 987-89. Consequently, given the lack of substantial similarity and in line with *Russ Berrie*, the Plaintiff's infringement claim woefully fails and is ripe for dismissal, with prejudice, as a matter of law.

Further, *Canal+Image UK* in instructive in the case at hand—where the Court subjects the works in question to a work present in the public domain to conclude that the defendant did not infringe upon the plaintiff's work. 773 F. Supp. at 430, 441.  In *Canal+Image UK*, the plaintiff alleged defendant's stage play infringed their copyright in a film that was based on a novel that resides in the public domain; and after applying the "more discerning" test for substantial similarity (where elements in the public domain are extracted from the analysis), the Court declined to find infringement, as a matter of law, due to the lack of similarities of original elements afforded copyright protection. *Id*. at 429-31, 441.

Here, the Court should again find the lack of substantial similarity because the Plaintiff's work is void of protectable elements that are not in the public domain.  Highly analogous to *Canal+Image UK*, in the instant case as well, the Court must interject Mr. Õuchi's public domain design to the "more discerning" calculus where the substantial similarity review involves comparing (i) the public domain work; (ii) the Plaintiff's work; and (iii) the design rendered on the garments in question together. *See Id*. at 430. Subsequently, "to the extent any of the similarities between [Plaintiff's work] and the [garments in question] are derived from [Mr. Õuchi's public domain design], those similarities are [deemed] non protectable." *Id*. at 430 (emphasis added); *See also Alexander*, 460 F. Supp. at 45 ("When common sources exist for the

alleged similarities, or the material that is similar is otherwise not original with the plaintiff, there is no infringement.") (internal citation omitted).  Again, Mr. Õuchi's four rectangle motif, with slanted bars within each rectangle, looks and appears the same as the motif the Plaintiff formatted into repeat for the purposes of utilizing fabric as the medium to render the design. Therefore, in line with *Canal+Image UK*, here the Plaintiff's claim is defective due to a lack of substantial similarity.

Next, the Second Circuit's decision in *Silverman v. CBS* is significant here. 870 F.2d 40.  In *Silverman*, the prospective infringer sought to produce a derivative work of a popular and long running radio show that fell into two categories: broadcasts pre-1948 and post-1948. *Id*. at 49. In sum, the Second Circuit found that the pre-1948 broadcasts that had entered the public domain were free for the taking by the public, and were not the subject of any party's sole ownership. *Id*. at 50. The Court found that the expression of creativity and ideas that were present in the pre-1948 broadcasts were not protectable just because they were the same expressions of ideas that manifested in the post-1948 broadcasts—the Second Circuit concluded that the claimant's copyrights in the post-1948 works "provide protection only for the increments of express beyond what is contained in the pre-1948" works. *Id*. 49-50. Likewise, here, the Plaintiff's claimed work has existed in the public domain as early as 1973, and has been designated as a public domain design by a local publisher since at least 1977. Counsel Decl., at ¶ 5, 7.   Now, in 2014, Plaintiff cannot claim that since 2010[12] it has recycled the public domain design set forth herein as a new and original work (in a repeat format suitable for printing on fabric).  A generous and charitable interpretation of *Silverman* would

---

[12] *See* Exhibit B.

yield that, at best, the formatting and fitting of the public domain design into a repeat for fabric printing accounts for incremental protection beyond the overwhelming public domain basis of Plaintiff's work. However, when *Silverman* is reconciled together with other similarity situated copyright cases, the Court's message in *Silverman* is clear—public domain material is free for the taking by anyone and everyone; only independent and original expressions of idea are afforded protection. *Id*. at 50.

In *Tufenkian* the Second Circuit was presented a copyright dispute where the plaintiff's work was a merger of two public domain images, coupled with several embellishments (such as "adding the minor boarder"). 338 F.3d at 129.  Subsequent to the creation of the plaintiff's work, one of the plaintiff's employees went to work for the defendant, where the employee became involved in the development of the alleged work. *Id*. at 130.  There, the plaintiff's work represented numerous transformations to the public domain work that involved selection, arrangement, deletions, elongations and cropping of public domain motifs, coupled with additions of boarders and other elements. *Id*. at 135. In finding substantial similarity, the Court noted that the plaintiff's selection, changes, and alternations to the public domain works were non-mechanical adaptions of the original that required creative thought. *Id*. at 135-37.  The Court cautioned as well that the "mere implication of an ornate public domain carpet into mass marker knock-off may not be protectable," and "that compilations of unprotectable elements merit copyright protection insofar as they contain an original and non-mechanical selection, coordination or arrangement of those elements." *Id*. at 134 (internal citation omitted). However, here the Court faces a different situation, where the Plaintiff's work is merely parroting the public domain design in a mechanical repeat format suitable for fabric printing.

Therefore, in the spirit of *Tufenkian*, the Court should dismiss the case in its entirely, because any similarity between the works traces directly back to the public domain, which is the "common wellspring" for creative works. *Id*. 132, 135-37.

The case law in this circuit is clear—Plaintiff cannot monopolize a public domain design as the exclusive owner by merely formatting the design in a mechanical repeat pattern. Further, only non-trivial embellishments, additions, or modifications to the public domain work yield copyright protection, and such protection is strictly limited to the incremental additions of creative expression contributed to the public domain work.  Finally, in an analysis of substantial similarity, the rule in this circuit has been to extract public domain elements before comparing the works in question for substantial similarity—simply because parroting or copying of public domain works is not entitled to copyright protection.

### III.   ALTERNATIVELY, THE PLAINTIFF'S CLAIM FOR CONTRIBUTORY COPYRIGHT INFRINGMENT IS RIPE FOR DISMISSAL UNDER FED.R. CIV. P. 12(B)(6) FOR A FAILURE TO STATE A CLAIM

To reiterate, our Supreme Court in *Twombly* rejected the notion that a complaint is only subject to dismissal if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 555. To the contrary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' *requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." Id.* at 555-556 (citations omitted) (emphasis added). Where a complaint does not meet this standard, "*this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court*." *Twombly*, 550 U.S. at 558 (emphasis added); *see also In re*

*Elevator Antitrust Litig*., 502 F.3d 47, 50-51 (2d Cir. 2007) (affirming dismissal of complaint because it alleged a "list of theoretical possibilities [that] one could postulate without knowing any facts whatever," and explaining that district courts "retain the power to insist upon some specificity in pleading before allowing a . . . factual controversy to proceed.").[13] Thus, Plaintiff has an obligation to give each defendant notice, "with some specificity," of his "particular infringing acts." *L.L. Cool J*, 145 F.R.D. at 36 ("Broad, sweeping allegations of infringement do not comply with Rule 8.") (emphasis added).

Courts have universally rejected the same conclusory allegations of contributory and/or vicarious copyright infringement that are at issue here. *See*, *e.g.*, *UMG Recordings, Inc. v. Veoh Networks Inc*., 07-civ-5744, 2009 U.S. Dist. LEXIS 14955, (C.D. Cal. Feb. 2, 2009) ("*UMG 1*") (*citing Twombly* and dismissing derivative copyright claims); *Netbula, LLC v. Chordiant Software, Inc*., 08-civ-00019, 2009 U.S. Dist. LEXIS 25372, at ** 7-9 (N.D. Cal. March 20, 2009) (*citing Twombly* and dismissing complaint for contributory and vicarious copyright infringement); *Galiano v. Harrah's Operating Co*., 00-civ-0071, 2004 U.S. Dist. LEXIS 8265, **40-42 (E.D. La. May 10, 2004) (motion to dismiss granted based on conclusory and insufficient factual allegations of contributory and vicarious copyright infringement); *Carell v. Shubert Org*., 99-civ-4997, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000) (same); *Goes Litho. Co. v. Banta Corp*., 97-civ-7223, 26 F. Supp. 2d 1042, 1045 (N.D. Ill. 1998) (dismissing vicarious infringement claim based on lack of factual allegations); *See also CNN, L.P. v. GoSMS.com, Inc.,* 00-civ-4812, 2000 U.S.

---

[13] This legal principle was of significant importance in copyright infringement claims even before *Twombly* and *Iqbal*. Indeed, a copyright plaintiff has always been required to "plead with specificity the acts by which a defendant has committed . . . infringement." *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (E.D.N.Y. 2000) (dismissing a claim of contributory infringement and denying leave to amend based on the failure to plead any facts showing that any defendant knew of the infringing conduct and induced, caused or materially contributed to it).

Dist. LEXIS 16156, at *17-18 (S.D.N.Y. 2000) (conclusory allegations held insufficient to state a claim for contributory or vicarious infringement).

### a.  Plaintiff Fails To Sufficiently Plead Vicarious Infringement

Plaintiff's conclusory vicarious infringement allegations fail because Plaintiff fails to allege <u>facts</u> showing that Ross and Woodland had the "right and ability to supervise [the alleged acts that] coalesce[d] with an obvious and direct financial interest in the exploitation of copyright materials." *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 971 (2d. Cir. 1997) (internal citation omitted).  Furthermore, Plaintiff must show "some degree of control or supervision[,] . . . [which] is of crucial importance." *Demetriades v. Kaufmann*, 690 F. Supp. 289, 292 (S.D.N.Y. 1988). The Plaintiff must plead facts showing a continuing and "daily basis" connection, with respect to the infringing acts, between the alleged infringer and those who vicariously benefit. *Banff Ltd. v. Limited, Inc.*, 869 F. Supp. 1103, 1109 (S.D.N.Y. 1994) ("[T]he parties' paths must cross on a daily basis, and the character of this intersection must be such that the party against whom liability is sought is in a position to control the personnel and activities  responsible for the direct infringement.").

Here, Plaintiff's entire allegations consist of the mere parroting of the bare elements of a vicarious copyright liability cause of action, as follow:

> Plaintiff is informed and believes and thereon alleges that Defendant, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. *See* Exhibit A, FAC, at ¶ 29.

Plaintiff's allegations thus consist of impermissibly "[b]road, sweeping allegations of infringement [which] do not comply with Rule 8." *L.L. Cool J.*, 145 F.R.D. at 36; *See also Seals v. Compendia Media Group*, 02-civ-0920, 2003 U.S. Dist. Lexis 2980, * 21 (N.D. Ill. Feb. 27, 2003) (dismissing vicarious liability claim because "plaintiff has failed to articulate any specific facts regarding either, (1) the individual defendants' rights and abilities to supervise infringing conduct, or (2) their obvious and direct financial interests in the exploitation of copyrighted materials.").

Courts have routinely rejected allegations more robust than the mere recitation of elements advanced by Plaintiff here. For example, courts have declined to impose liability based on relationships implying an actual supervisory role running from the derivative defendant to the primary defendant, such as that of a licensor, a parent corporation, an owner, a chief executive, a producer, or a controlling shareholder. *See, e.g., Carell*, 104 F. Supp. 2d at 271 (finding allegations that the defendant was "a sole or part owner" of a defendant corporation, was "a producer and/or licensor" of the allegedly infringing productions, and had a sizeable investment in such infringement *insufficient*); *Goes Litho*, 26 F. Supp. 2d at 1045 (allegations of ability to control based on parent-subsidiary relationship *insufficient*); *UMG 1*, 2009 U.S. Dist. LEXIS 14955, at *10 (rejecting allegations against controlling investors and directors and dismissing complaint);[14] *Netbula*, 2009 U.S. Dist. LEXIS 25372, at ** 7-9 ("The mere fact that a defendant is an officer and shareholder of an infringing corporation is 'too attenuated' to show a 'direct' financial interest in the exploitation of copyrighted materials.");

---

[14] *See also UMG Recordings, Inc. v. Veoh Networks Inc.*, 2009 U.S. Dist. LEXIS 70553 (C.D.Cal. May 5, 2009) ("*UMG 2*") (subsequently dismissing derivative copyright infringement claims without leave to amend).

*Softel Inc.*, 118 F.3d 955, 971 (2d Cir. 1997) (allegations that defendant was the president and a shareholder *insufficient*); *CNN, L.P.*, 2000 U.S. Dist. LEXIS 16156, at *17-18 (rejecting as *insufficient* allegations that the defendant "by virtue of [his/her] position and … [his/her] shareholdings, is one of the individuals that controls the affairs of [defendant corporation] and is personally involved in the infringing conduct alleged herein.").

Here, the Plaintiff fails to set forth any cognizable facts alleging vicarious liability against Defendants. Indeed, as to the Defendants' relationship, Plaintiff cannot even assert the conclusory "control" relationships that courts uniformly rejected in the past. Thus, Premier's vicarious liability claim is ripe for dismissal.

**b.**    **Plaintiff Fails To Sufficiently Plead Contributory Infringement**

Next, to correctly plead contributory infringement, Plaintiff must allege that the Defendant "authorized the [infringing] use." *Softel, Inc.*, 118 F.3d at 955.  As with the woefully defective vicarious infringement claim, Plaintiff's entire factual predicate for its contributory infringement claim against Defendants consists of a mere parroting of the bare elements of the cause of action:

> "Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design as alleged hereinabove." *See* Exhibit A, FAC, at ¶ 28.

Thus, Plaintiff's contributory infringement claim wholly consists of nothing more than impermissible legal conclusions that Defendants knew of the copyrighted design and "induced, participated in, aided and abetted in, or materially contributed" to the infringing conduct of others. Plaintiff's allegations again consist of impermissibly "[b]road, sweeping allegations of

infringement [which] do not comply with Rule 8." *Kelly*, 145 F.R.D. at 36; *See, e.g., Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008) ("bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations," and will not survive a Fed. R. Civ. P. 12(b)(6) challenge).

Of influence, in *Seals,* 2003 U.S. Dist. Lexis 2980, Plaintiff sued a corporation and its current and former officers and directors for direct, contributory, and vicarious infringement based on defendants' alleged unauthorized duplication of his work. The Court dismissed plaintiffs' claims of contributory infringement on the grounds that "*plaintiff has not adequately alleged any fact to support his conclusion that [Defendants] knew of, and induced, caused, or materially contributed to, the infringing conduct . . .*" *Id.* at *20. Moreover, as discussed herein, many other courts have rejected such conclusory allegations as *insufficient*.[15] Here, Plaintiff's contributory infringement claim must be rejected too, because Plaintiff fails to establish any cognizable factual allegations that Woodland and Ross either had knowledge of the allegedly infringing activity or authorizing ability.  Thus, Plaintiff's contributory infringement claim should be dismissed.

## CONCLUSION

In summation, Plaintiff is attempting to wrongfully seize a public domain work as its own, and for all of the foregoing reasons, Defendants respectfully request that Plaintiff's FAC be dismissed in its entirety with prejudice. Alternatively, the Defendants respectfully request that

---

[15] *See, e.g., UMG 1*, 2009 U.S. Dist. LEXIS 14955, at *10; *UMG 2*, 2009 U.S. Dist. LEXIS 70553, ** 28-29; *Netbula*, 2009 U.S. Dist. LEXIS 25372, at ** 7-9; *Softel*, 118 F.3d at 971; *Carell*, 104 F. Supp. 2d at 271; *CNN, L.P.*, 2000 U.S. Dist. LEXIS 16156, at *17-18.

the Court dismiss the Plaintiff's secondary copyright infringement claim for a failure to state a

cognizable claim.


Dated: New York, New York
        June 25, 2014


                                        **KAKAR, P.C.**


                                        By: <u>/S/ Sumeer Kakar</u>
                                        Sumeer Kakar, Esq.
                                        525 Seventh Ave., Suite 1810
                                        New York, NY 10018
                                        212-704-2014
                                        sk@kakarlaw.net
                                        *Attorney for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------X

PREMIER FABRICS, INC., a New York          :
Corporation,
                     Plaintiff,          :

        -Against-          :

WOODLAND TRADING, INC., a New   :
York Corporation; ROSS STORES, INC.,          :
A Delaware Corporation; DOES 1-10, :

                Defendants.          :

--------------------------------------------------------X

Case No.: 13 CIV 07522 (LAK)

**<u>CERTIFICATE OF SERVICE</u>**

      I, the undersigned, hereby certify that on June 25, 2014, I served upon the Plaintiff, Premier Fabrics, Inc. the above named Defendants' motion to dismiss, or in the alternative, motion for summary judgment, under the Federal Rules of Civil Procedure, by electronically uploading the notice of motion, memorandum in support of the motion, and all other exhibits, declarations, and papers attached thereto in support of the said motion, through the ECF system.

DATED:      New York, New York
              June 25, 2014

                                        **KAKAR, P.C.**

                                        By: <u>/S/ Sumeer Kakar</u>
                                        Sumeer Kakar, Esq.
                                        525 Seventh Ave., Suite 1810
                                        New York, NY 10018
                                        212-704-2014 / sk@kakarlaw.net
                                        *Attorney for Defendants*