**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PREMIER FABRICS, INC., a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WOODLAND TRADING, INC., a New York Corporation; ROSS STORES, INC., a Delaware Corporation; DOES 1-10,<br><br>Defendants. | Case No.: 13 CIV 07522 LAK<br><br>PREMIER FABRICS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER GRANTING DISMISSAL OF THE ENTIRE ACTION WITH PREJUDICE, AND GRANTING DEFENSANTS' THEIR REASONABLE ATTORNEYS' FEES |

<u>**ANSWERING MEMORANDUM**</u>

## TABLE OF CONTENTS

I.   Introduction……………………………………………………............p. 5

II.  Premier Properly Dismissed the Action without Prejudice………………………..p. 5

III. Defendants are not Entitled to Attorneys' Fees or Costs Because

   they are not Prevailing Parties……………………………………………p.8

IV. Even if Considered Prevailing Parties, Defendants are not

   Entitled to Attorneys Fees or Costs…………………………………………..p. 10

   a)  Premier's claims were not objectively unreasonable……………............p. 11

   b)  Plaintiff's motivation, to protect its intellectual property,

      mandates denying Defendants request for fees…………………………p. 15

   c)  An award of attorneys' fees to Defendants would deter

      prosecution of unauthorized derivatives and frustrate the

      purposes of the Copyright Act………………………………............p. 16

V.  Defendants' Requested Costs are Unreasonable………………………………..p. 17

VI. Conclusion………………………………………………………………p. 18

PREMIER FABRICS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER GRANTING
DISMISSAL WITH PREJUDICE, AND GRANTING ATTORNEYS' FEES

## <u>TABLE OF AUTHORITIES</u>

Cases:

*Activox, Inc. v Envirotech Corp.* (1980, SD NY) 85 FRD 132, 29 FR Serv 2d 180.............p. 6

*Action Tapes, Inc. v. Mattson*, 462 F.3d 1010 (8th Cir. 2006)...............................p. 16

*Alfred Bell & Co. v. Catalda Fine Arts, Inc.*, 191 F.2d 99, 103 (2d Cir. N.Y. 1951)...........p. 12

*Arndt v. UBS AG*, 342 F. Supp. 2d 132, 136 (E.D.N.Y. 2004).................................p. 6

5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)......................................p. 7

*Bentley v. Dennison*, 852 F. Supp. 2d 379, 382 n.5 (S.D.N.Y. 2012)..........................p. 6

*Blazon, Inc. v. De Luxe Game Corp.,* 268 F. Supp. 416, 420 (S.D.N.Y. 1965).................p. 11

*Brod v. Gen. Publ'g Group, Inc.*, 32 Fed. Appx. 231, 236 (9th Cir. Cal. 2002)................p. 16

*Buckhannon Bd. and Home Care v. W. Va. Dept. of Health and Human Resources,*
532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)...................................p. 9

*Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009)..........................................p. 9, 10

*Chambers v. Time Warner, Inc.*, 279 F. Supp. 2d 362 (S.D.N.Y. 2003)........................p. 9

*Cranston Print Works Co. v. J. Mason Prods.,* 1998 U.S. Dist. LEXIS 18004,
at 6 (S.D.N.Y. Nov. 13, 1998)..............................................................p. 12

*Dattner v. Conagra Foods, Inc.,* 458 F.3d 98, 101 (2d Cir.2006)
(*quoting Buckhannon,* 532 U.S. at 605, 121 S.Ct. 1835).....................................p. 9

*Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980)....................p. 11

*Eckes v. Card Price Update*, 736 F.2d 859, 861-62 (2d Cir. 1984) ..........................p. 11

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 557 (9th Cir. 1996).................................p. 10

*Fernandez v Southside Hospital* (1984, ED NY) 593 F. Supp. 840.............................p. 9

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 345 (U.S. 1991)..................p. 12

*F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1269 (2d Cir. 1987)..........p. 17

*Fogerty v. Fantasy, Inc.*, 114 S. Ct. 1023, 1033 (1994)....................................p. 10

*Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 766 (2d Cir. 1991) ....................p. 15

*Gibson Tex, Inc. v. Sears Roebuck & Co*., 11 F. Supp. 2d 439, 442-43 (S.D.N.Y. 1998) ......p. 12

*Hamil America Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999).................................p. 11

*Harvey Aluminum, Inc. v. Am. Cyanamid Co*., 203 F.2d 105 (2d Cir. 1953)...................p. 8

*Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)...........................................p. 18

*Horton v TWA* (1996, ED NY) 169 FRD 11.................................................p. 6

*Jordan (Bermuda) Inv. Co., Ltd. v. Hunter Green Investments Ltd.*,
154 F. Supp. 2d 682, 688 (S.D.N.Y.2001)...................................................p. 7

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1144 (9th Cir. 2003) .......p.10

*Lennon v. Seaman*, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000) (citing Nimmer, § 7.20[B])....p. 11

*Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1215 (10th Cir. Colo. 2010) ...............p. 10

*Matthew Bender & Co. v. West Publ'g Co*., 240 F.3d 116, 121 (2d Cir. N.Y. 2001)...........p. 16

*Maker's Mark Distillery v. Diageo N. Am., Inc.*, , 425 (6th Cir.2012)........................p. 10

*McCann v. Coughlin*, 698 F.2d 112, 131 (2d Cir. 1983)....................................p. 17

*Monaghan v. SZS 33 Assocs*., L.P. 154 F.R.D 78 *86 (S.D.N.Y. 1994) ......................p. 17

*Novelty Textile Mills v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093 n. 3 (2d Cir. 1977)........p. 13

*Original Appalachian Artworks, Inc. v. Toy Loft, Inc*., 684 F.2d 821, 829 (11th Cir.1982)...p. 14

*Peter Pan Fabrics, Inc. v. Rosstex Fabrics, Inc.*, 733 F. Supp. 174, 176 (S.D.N.Y. 1990).....p. 12

*Peter Pan Fabrics, Inc. v. Dan River Mills, Inc*., 295 F. Supp. 1366,

1367-68 (S.D.N.Y. 1969)……………………………………….……………………………p.12

*Phila. Stock Exch. v. Int'l Sec. Exch., Inc*., 2005 U.S. Dist. LEXIS 26695,

*4 (S.D.N.Y. Nov. 1, 2005)……………………………………………………………...p. 10

*Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 265-66 (S.D.N.Y. 2013)

*RFR Ind. V. Century Steps, Inc.,* 477 F.3d 1348 (Fed. Cir. 2007)……………………….p. 10

*Roth v. Pritikin,* 787 F.2d 54, 57 (2d Cir. 1986)…………………………………………p. 16

*Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc.,*

482 F. Supp. 980, 988 (D.C.N.Y. 1980)…………………………………………………p. 11

*Scholz Design, Inc. v. Sard Custom Homes, LLC,*

691 F.3d 182, 186 (2d Cir. Conn. 2012)…………………………………………………p. 11

*Sealey, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1385 (9th Cir. 1984)………………………p. 18

*Softel, Inc. v. Dragon Med. & Sci. Communs.*, 118 F.3d 955, 966 (2d Cir. N.Y. 1997)……..p. 11

*Sierra Club v. United States Army Corps. of Engineers,*

776 F.2d 383, 392 (2d Cir. N.Y. 1985)…………………………………………………p. 18

*Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc*., 490 F.2d 1092, 1094 (2d Cir. N.Y.

1974)…………………………………………………………………………………...p.12

*Spraggins v Current Cab Corp.* (1985, SD NY) 2 FR Serv 3d 420 …………………………..p. 6

*Szabo Food Service, Inc. V. Canteen Corp*., 823 F.2d 1073 (7th Cir. 1987)…………………p. 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d

179 (2007) ……………………………………………………………………………….p. 6

*TRF Music Inc. v. Alan Ett Music Group, LLC*, No. 06 Civ. 0349(PKC),

*2 (S.D.N.Y. May 18, 2006)………………………………………………………...p. 9

*Urantia Foundation v. Maaherra*, 114 F.3d 955, 958–59 (9th Cir.1997)…………………….p. 12

*Utica College v. Gordon*, 389 Fed. Appx. 71, 74 (2d Cir. N.Y. 2010)…………………...p. 9


Statutes:

Fed. R. Civ. P. 41(a)(1)(A)(i)……………………………………………………………p. 5

17 U.S.C. § 505……………………………………………………………………….p. 9

PREMIER FABRICS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER GRANTING
DISMISSAL WITH PREJUDICE, AND GRANTING ATTORNEYS' FEES

## ANSWERING MEMORANDUM

### I.  Introduction

On July 8, 2014, this Court properly dismissed the instant action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). This dismissal followed a "Motion to Dismiss First Amended Complaint" pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Woodland Trading, Inc. and Ross Stores, Inc. (collectively, Defendants). *See* Dkt. No. 41. Since Defendants never filed an answer to Premier Fabrics, Inc. ("Premier")'s operative complaint or a motion for summary judgment, Premier's Notice of Voluntary Dismissal comports with Fed. R. Civ. P. 41(a)(1)(A)(i) and thus dismissal without prejudice was properly effectuated by this Court. The without prejudice dismissal allows Premier to re-file this action in the future should it elect to proceed. No adjudication on the merits was ever reached.

Despite this, Defendants seek a dismissal with prejudice and an award of attorney' fees. This is improper and in contravention of the Federal Rules and applicable precedent. *See* Dkt. No. 48 (the "Motion"). Because Premier's Notice of Dismissal was proper and Defendants are not prevailing parties of the action, Defendants' Motion must be denied in its entirety. And even if Defendants were granted post-hoc prevailing party status, Defendants' request for fees and costs is unsupported and unreasonable, and must therefore be denied.

### II.  Premier Properly Dismissed the Action without Prejudice

Premier appropriately filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) prior to any defendant filing an answer to the operative complaint or filing a summary judgment motion. Defendants filed a notice of motion to dismiss that was clearly labeled as such, and their passive request that the Court to exercise its discretion by entering summary judgment in its Motion to Dismiss does not qualify as filing a summary judgment motion. Indeed, the Court indicated as much when it closed this case after Plaintiff filed its notice of dismissal. The instant Motion must be wholly denied.

Rule 41 provides that a Plaintiff may voluntarily dismiss an action without seeking a Court order by simply filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Here, Defendants

filed neither an answer[1] nor motion for summary judgment. Therefore, Premier's Notice of Voluntary Dismissal (Dkt. No. 44) dismissed the case without prejudice, and the Court's entered dismissal must not be modified.

Facing the plain language of Rule 41, Defendants claim — despite the docket proving otherwise — that they filed a motion for summary judgment. *See* Motion, p. 4. Defendants *never* filed such a motion. Rather, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2] *See* Dkt. No. 41. In Defendants' Motion to Dismiss, Defendants requested but did not move the Court to alternatively exercise its discretion and issue summary judgment prior to discovery. Id. at pp.1, 7. But merely requesting the Court to exercise its discretion under Rule 12 does not amount to the filing of a motion for summary judgment.  As a preeminent treatise warns: "[a]rguments that other motions or proceedings constitute the 'equivalent' of an answer or motion for summary judgment have been generally unsuccessful." 8 James Wm. Moore et al., Moore's Federal Practice ¶ 41.33[5][c][vii], [viii][D]. Defendants' claim of filing a summary judgment motion is demonstrably false, and therefore, Premier's Notice of Dismissal was proper.

And the simple introduction of, or even consideration of, matters outside the pleadings does not convert a motion to dismiss into a motion for summary judgment. *See Bentley v. Dennison*, 852 F. Supp. 2d 379, 382 n.5 (S.D.N.Y. 2012) ("Judicial notice of public records is appropriate — and does not convert a motion to dismiss into a motion for summary judgment — because the facts noticed are not subject to reasonable dispute and are capable of being verified by sources whose accuracy cannot be reasonably questioned.") and *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179

---

[1] Defendants do not, and cannot, contend that an answer was filed, thus this issue is conceded by Defendants.

[2] And it is settled law that the filing of a motion to dismiss a complaint pursuant to Rule 12 does not bar plaintiff from voluntarily dismissing its action under Rule 41(a)(1). *See Horton v TWA* (1996, ED NY) 169 FRD 11; *Activox, Inc. v Envirotech Corp*. (1980, SD NY) 85 FRD 132, 29 FR Serv 2d 180 (same). *See also Spraggins v Current Cab Corp.* (1985, SD NY) 2 FR Serv 3d 420 (Clerk of court properly permitted entry of plaintiff's notice of dismissal without prejudice, where defendants had filed motion to dismiss for lack of subject matter jurisdiction in lieu of answer, since even though motion was accompanied by matters outside pleadings it was insufficient to foreclose filing of plaintiff's notice of voluntary dismissal); *Arndt v. UBS AG*, 342 F. Supp. 2d 132, 136 (E.D.N.Y. 2004) (citations omitted) (finding that, when defendants "merely moved to dismiss plaintiff's complaint pursuant to [Rule] 12(b)(6)," Plaintiff's Rule 41(a)(1) Notice was proper).

PREMIER FABRICS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER GRANTING DISMISSAL WITH PREJUDICE, AND GRANTING ATTORNEYS' FEES

(2007) (when ruling on Rule 12(b)(6) motions, courts may properly consider matters subject to judicial notice) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007).

Judge Kaplan's prior ruling in *Lichtenstein v. Cader* echoes this line of reasoning. In *Lichtenstein*, this Court approved the plaintiff's notice of dismissal without prejudice, and declined to convert the defendant's motion to dismiss to a summary judgment motion nullifying the applicability of Fed. R. Civ. P. 41(a)(1)(A)(i). 13 CIV. 2690 LAK JLC, 2013 WL 4774717 (S.D.N.Y. Sept. 6, 2013). This Court acknowledged that "[e]ven where additional materials are submitted by one party, a trial court should not transform a 12(b)(6) motion into a summary judgment motion where, as here, the motion has been filed in lieu of an answer, and the parties have neither completed discovery nor formally requested that the motion be converted." *Id.* (internal citations omitted).[3] In the instant action, as in *Lichtenstein*, no discovery was conducted; and Defendants never filed an answer, filed a motion to dismiss without reference to Rule 56 in the title of the motion, never sought official conversion to a summary judgment motion, and never provided adequate notice of the possibility of conversion of their Motion to Dismiss. This Court should approve Premier's Notice of Dismissal, just as it did in the highly analogous *Lichtenstein* case.

Furthermore, even if Defendants' Motion to Dismiss were to be construed as a motion for summary judgment, the motion would be deficient pursuant to the Local Rules of the United States Courts for the Southern and Eastern Districts of New York ("Local Rules"). Local Rule 56.1 provides in relevant part that upon *any* motion for summary judgment "there *shall* be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." (emphasis added). Defendants failed to provide such a factual statement along with their Motion to Dismiss, thus the Motion to Dismiss, if re-imagined as a motion for summary judgment, would be denied. And if construing the Motion to Dismiss as converted to a summary judgment

---

[3] While a court may transform a 12(b)(6) motion into a summary judgment motion pursuant to Rule 56(c) if the parties submit evidence beyond the pleadings, such action is inappropriate unless the parties are given notice and an opportunity to respond appropriately. *Jordan (Bermuda) Inv. Co., Ltd. v. Hunter Green Investments Ltd.*, 154 F. Supp. 2d 682, 688 (S.D.N.Y. 2001). Premier has not been granted a meaningful opportunity to respond to Defendants' putative summary judgment motion. Thus, at minimum, Premier must be granted reasonable opportunity to adequately respond.

motion, all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed.R.Civ.P. 12(d). Because Premier will not be given opportunity to present all pertinent material opposing summary judgment, including disputing material facts presented by Defendants, the Motion must be denied.

And Defendants' cited authority is inapplicable to the instant matter. For example, in the foreign case of *Wise v. Williams*, the Court declined to grant dismissal with prejudice *sua sponte*, (as is requested by Defendants in the Motion) and declined to dismiss without prejudice pursuant to a filed notice of dismissal on the grounds that, *inter alia*, the defendants had indisputably filed an answer and had a motion for judgment on the pleadings granted. 3:11-CV-00572, 2012 WL 996695 (M.D. Tenn. Mar. 23, 2012). Neither of these facts is present here. Further still, the Court should be reticent to follow the 1953 case *Harvey Aluminum, Inc. v. Am. Cyanamid Co*., 203 F.2d 105 (2d Cir. 1953), which Defendants admit is an oft-criticized and rarely followed case in which the trial Court declined to follow the plain language of Rule 41(a)(1)(A)(i). *See* Motion p. 7.  But even the facts in *Harvey* are easily distinguished from those at bar. In *Harvey*, the Court denied the voluntary dismissal since there had been briefing and a hearing on a motion for a temporary restraining order encompassing the merits of the entire case. *Harvey*, 203 F.2d at107. No such briefing or hearing has taken place here. Indeed, discovery had not even been conducted at the time of Premier's dismissal. Defendants' cited cases are factually and legally inapplicable to the instant matter, and should thus be disregarded.

Because Defendants never answered Premier's operative complaint, never properly filed a motion for summary judgment, and filed a motion to dismiss inappropriate for conversion to a summary judgment motion, Premier's Notice of Dismissal and this Court's subsequent dismissal of the action without prejudice was proper. Defendants cannot now contravene the plain language of Rule 41 and on-point precedent to seek unilateral dismissal with prejudice. The Motion fails.

### III. Defendants are not Entitled to Attorneys' Fees or Costs Because they are not Prevailing Parties

The action has been dismissed without prejudice, which means there has been no adjudication on the merits. As such, Defendants are not prevailing parties pursuant to §505 of the Copyright Act. Thus, Defendants are not entitled to any attorneys' fees or costs.

District courts have discretion to award attorney's fees under the Copyright Act, but that discretion is triggered *only* if the party in fact prevailed on the copyright claim. *See* 17 U.S.C. § 505. The Supreme Court has expressly held that a party does not qualify as a "prevailing party" for purposes of such fee-shifting statutes until and unless it has secured "a judgment on the merits or a court-ordered consent decree."*Buckhannon Bd. and Home Care v. W. Va. Dept. of Health and Human Resources,* 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). The Second Circuit follows the mandates of the Supreme Court in *Buckhannon*.[4] "In the context of fee-shifting statutes, the Supreme Court has held that, for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" *Dattner v. Conagra Foods, Inc.,* 458 F.3d 98, 101 (2d Cir.2006) (*quoting Buckhannon,* 532 U.S. at 605, 121 S.Ct. 1835).

The Second Circuit has elucidated that where a plaintiff remains "free to pursue his claims against defendants ... defendants have not yet achieved a judicially sanctioned change in the legal relationship of the parties so as to be considered "prevailing"". *Dattner,* 458 F.3d at 103. Thus,  a "voluntary dismissal 'lacks the judicial imprimatur' to render [a] prevailing part[y]." *TRF Music Inc. v. Alan Ett Music Group, LLC,* No. 06 Civ. 0349(PKC), *2 (S.D.N.Y. May 18, 2006) (citing *Buckhannon*). *See also Dattner,* 458 F.3d at 103 (holding that *claims that are dismissed without prejudice do not meet the [prevailing party] test*.) (citations omitted) (emphasis added); *Chambers v. Time Warner, Inc*., 279 F. Supp. 2d 362 (S.D.N.Y. 2003) (same); *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 265-66 (S.D.N.Y. 2013) (same).[5] And other

---

[4] Other Circuits are also in accord. *See, e.g., Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009) ("[a]ccordingly, we hold the material alteration test the Supreme Court articulated in [*Buckhannon*] governs the prevailing party inquiry under § 505 of the Copyright Act.") The Court went on to specifically hold that **voluntary dismissal without prejudice "does not alter the legal relationship of the parties because [defendants] remain subject to the risk of refiling" following a dismissal without prejudice.** *Cadkin*, 569 F.3d at 1149 (emphasis added).

[5] *See further Fernandez v Southside Hospital* (1984, ED NY) 593 F. Supp. 840 (holding that dismissal of an action pursuant to Rule 41 prior to hearing on defendants' Rule 12(b)(6) motion does not make defendants prevailing parties or entitle them to award of attorney fees, since plaintiffs can voluntarily dismiss action under Rule 41 as matter of right when defendants have not answered complaint or moved for summary judgment.); *Utica College v. Gordon*, 389 Fed. Appx. 71, 74 (2d Cir. N.Y. 2010) (holding that a prevailing party is one who has favorably effected a material alteration of the legal relationship of the parties by court order, not voluntary dismissal without prejudice) (citing *Buckhannon*).

PREMIER FABRICS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER GRANTING DISMISSAL WITH PREJUDICE, AND GRANTING ATTORNEYS' FEES

circuits are in accord.[6] This is the precise situation at bar. Indeed, it has been held that a voluntary dismissal of a copyright infringement case, although perhaps accomplishing what the other party sought to achieve in the lawsuit, lacks the necessary "judicial imprimatur" required under *Buckhannon*, to allow an award of attorneys' fees pursuant to the Copyright Act. *Phila. Stock Exch. v. Int'l Sec. Exch., Inc.*, 2005 U.S. Dist. LEXIS 26695, *4 (S.D.N.Y. Nov. 1, 2005).

Here, the action has been dismissed without prejudice, and therefore Plaintiff remains free to re-file its claims. Furthermore, Defendants failed to secure a judgment on the merits or a court-ordered consent decree. Therefore, Defendants lack the judicial imprimatur to be granted prevailing party status under *Buckhannon* and are not entitled to collect any attorneys fees or costs under §505 of the Copyright Act. Defendants concede this fact implicitly in the Motion when they admit that prevailing party status will lie "once the Court grants dismissal with prejudice." Motion pp. 13-14. However, because no such dismissal with prejudice has been made, Defendants' request for attorneys fees and costs is inappropriate.

Because Defendants' request for fees and costs are in direct conflict with the unambiguous mandates of the Supreme Court and this Circuit, the Motion must be denied.

## IV. Even if Considered Prevailing Parties, Defendants are not Entitled to Attorneys Fees or Costs

If the Court is inclined to both enter dismissal with prejudice and grant Defendants prevailing party status, Defendants still hold the burden of establishing that the Court should exercise its discretion to make an award of attorneys fees and costs. *Fogerty v. Fantasy, Inc.*, 114 S. Ct. 1023, 1033 (1994); *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 557 (9th Cir. 1996). Because Defendants ─ if granted the extraordinary relief of being named prevailing parties ─ cannot make such a showing in this case, the Motion should be denied.

---

[6] *See e.g. RFR Ind. V. Century Steps, Inc.,* 477 F.3d 1348 (Fed. Cir. 2007) ("We hold that a plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(i) does not bestow "prevailing party" status upon the defendant."); *Maker's Mark Distillery v. Diageo N. Am., Inc.*, , 425 (6th Cir.2012) (voluntary dismissal did not afford "prevailing party" status) (citations omitted); *Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir.2009), cert. denied,── U.S. ──, 130 S.Ct. 1895, (2010) (same.); *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1215 (10th Cir. Colo. 2010) (same.); and *Szabo Food Service, Inc. V. Canteen Corp.*, 823 F.2d 1073 (7th Cir. 1987) ("The court here holds that a party does not "prevail" if the suit is voluntarily dismissed under Rule 41(a)(1)(i), and so that party cannot collect attorneys fees.")

   a) *Premier's claims were not objectively unreasonable.*

Defendants assert that Premier's claims were unreasonable because Defendants claim the Subject Design is in the public domain. This assertion is plainly false. Premier acted reasonably in bringing its claims of copyright infringement of the Subject Design. Premier created the Subject Design and owns a copyright registration for the Subject Design. Premier's reliance on its copyright registration, cannot be deemed frivolous.

Under 17 U.S.C. §410(c), a copyright registration certificate constitutes *prima facie* evidence of the validity of the copyright and the facts stated on the certificate, including the originality of the design. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1144 (9th Cir. 2003); *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980). Therefore, Premier sufficiently pled, and reasonably relied upon the legal originality of the Subject Design. *See, e.g. Blazon, Inc. v. De Luxe Game Corp.,* 268 F. Supp. 416, 420 (S.D.N.Y. 1965) (holding the facts set forth in the registration "presumptively connotes originality.")[7] Premier's reliance on its registration for the Subject Design was reasonable.

And even ignoring Premier's presumption of validity, the Motion fails because the requisite level of originality required to afford copyright protection ─and therefore support a cause of action for copyright infringement ─ is exceedingly low; even a slight amount will suffice. *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. Conn. 2012).[8] The vast majority of works make the grade quite easily, as they possess some creative

---

[7] In addition, Defendants bear the burden of rebutting Premier's presumption of validity for the registration to the Subject Design. 17 U.S.C. § 410(c); *Hamil America Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999). Defendants cannot invalidate the presumption of originality unless they prove that Premier committed fraud on the copyright office. *Lennon v. Seaman*, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000) (citing Nimmer, § 7.20[B]) ("A party seeking to establish a fraud on the Copyright Office, and thereby rebut the presumption of copyright validity, bears a heavy burden."). As the Second Circuit acknowledges: "[o]nly the 'knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitutes reason for holding the registration invalid and thus incapable of supporting an infringement action.'" *Eckes v. Card Price Update*, 736 F.2d 859, 861-62 (2d Cir. 1984) (quoting *Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc.*, 482 F. Supp. 980, 988 (D.C.N.Y. 1980)).
[8] *See also*: *Softel, Inc. v. Dragon Med. & Sci. Communs*., 118 F.3d 955, 966 (2d Cir. N.Y. 1997) (Holding that the requisite level of originality for copyright protection is "minimal" and "extremely low.")

PREMIER FABRICS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER GRANTING DISMISSAL WITH PREJUDICE, AND GRANTING ATTORNEYS' FEES

spark, "no matter how crude, humble or obvious it might be." *Id*. There can be no reasonable dispute that the Subject Design contains at least a modicum of originality so as to make reliance on its originality reasonable. Indeed, originality does not signify novelty; a work may be original even though it closely resembles other works. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 345 (U.S. 1991). And the selection and arrangement of even unoriginal elements can constitute original expression. *Urantia Foundation v. Maaherra*, 114 F.3d 955, 958–59 (9th Cir.1997).[9]

Further still, the embellishment or expansion of a fabric design in repeat, so as to broaden the design and thereby cover a bolt of cloth, together with beginning the pattern in a particular way so as to avoid showing an unsightly joint when the pattern is printed on textiles on a continual basis, constitutes modest but sufficient originality so as to support the copyright. *Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc*., 490 F.2d 1092, 1094 (2d Cir. N.Y. 1974). *See also Cranston Print Works Co. v. J. Mason Prods.,* 1998 U.S. Dist. LEXIS 18004, at 6 (S.D.N.Y. Nov. 13, 1998) (finding that placing a design in repeat that is based on original artwork "clearly constitutes sufficient alteration, authorship, and originality to support a copyright."); *Gibson Tex, Inc. v. Sears Roebuck & Co*., 11 F. Supp. 2d 439, 442-43 (S.D.N.Y. 1998) (same); *Peter Pan Fabrics, Inc. v. Rosstex Fabrics, Inc.*, 733 F. Supp. 174, 176 (S.D.N.Y. 1990) (same); and *Peter Pan Fabrics, Inc. v. Dan River Mills, Inc*., 295 F. Supp. 1366, 1367-68 (S.D.N.Y. 1969) (finding alterations pursuant to putting design "in repeat" sufficient to support originality and copyright)). Defendants' argument that formatting two-dimensional piece of artwork for full repeat and specific utilization on fabric falls short of the originality standard (and thus supports their allegations of unreasonableness) runs counter to established precedent.

Additionally, Premier's litigating the instant action was reasonable given the scant "evidence" Defendants offered to support their claim that the Subject Design is in the public domain. Indeed, Defendants' attempt to mislead this Court into an examination of other, unauthenticated, supposedly previously-created basic geometric forms must be disregarded. Unlike patent actions, the issue here is not one of "prior art," but one of *copying*. As the Second

---

[9] Originality in this context means little more than a prohibition of actual copying. No matter how poor artistically the author's addition, it is enough if it be his own. *Alfred Bell & Co. v. Catalda Fine Arts, Inc*., 191 F.2d 99, 103 (2d Cir. N.Y. 1951).

Circuit held in another textile design case, "[t]he common practice of defendants at trial in pointing out a similar work created in antiquity, or at least prior to the defendant's creation is of no assistance unless the trier of fact believes that the defendant copied from such work." *Novelty Textile Mills v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093 n. 3 (2d Cir. 1977), quoting 1 M. Nimmer, Nimmer on Copyright § 101.6 at 381-382 (1976). Defendants have not alleged that Defendants copied from any work attached to Defendants' Motion to Dismiss; as such, the "evidence" of Mr. Ōuchi's book[10] presented therein is irrelevant.

Even assuming, *arguendo*, that Mr. Ōuchi's book was relevant, the Motion nonetheless fails because Mr. Ōuchi's designs are dissimilar to the Subject Design, and hence Premier's pursuit of its claims was reasonable. As can be seen below, the Subject Design features a fanciful assortment of colorful and stylistically etched geometric motifs arranged in an array of alternating windows, specifically modified and formatted for use on fabric and garments. On the contrary, Mr. Ōuchi's design from Exhibit G of the Motion to Dismiss is a black and white design that utilizes a single 90 degree rotation of an inner portion of a set of four lined square elements. The below comparison highlights these dissimilarities:

///
///
///
///
///
///
///
///
///
///
///

---

[10] Ōuchi, H. *Japanese Optical and Geometrical Art.* New York: Dover, 1977. *See* Defendants' Motion to Dismiss (Dkt. No. 41) , Ex. G.

PREMIER FABRICS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER GRANTING DISMISSAL WITH PREJUDICE, AND GRANTING ATTORNEYS' FEES

| Subject Design | Mr. Õuchi's design |
| --- | --- |



Defendants' attempt to introduce a dissimilar design and hastily seek attorneys fees based thereupon, should not be rewarded by this Court. And even if pursuit of the action after receipt of notice of the above artwork would be unreasonable, Defendants admit that Plaintiff was never made aware of this artwork until June 17, 2014: nine days before Defendants filed their Motion to Dismiss, and a mere three weeks before Premier voluntarily dismissed the action. Kakkar Decl., ¶ 3. Premier did not unreasonably pursue any causes of action.

And Premier's reasonableness in pursuing its claims is further illustrated by the substantial similarity between the Subject Design and Defendants' allegedly infringing design. If the allegedly infringing design appears more likely than not to have been "appropriated from the copyrighted work," then the requisite similarity exists to establish infringement. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir.1982). Given the virtually infinite ways to render stylistic geometric elements in fabric designs, it is particularly noteworthy in this case that the design appearing on Defendants' offending garments is a nearly exact replica of the Subject Design. "When a court is called upon [at the pleadings stage] to consider whether the works are substantially similar, no discovery or fact-finding is typically

necessary, because what is required is only a visual comparison of the works." *Id.* at 64 (*citing Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 766 (2d Cir. 1991) (internal quotations omitted). As shown below, a visual comparison of the Subject Design and the design appearing on the offending garments illustrate that the designs are all but the same:

| Subject Design | Design on offending garment |
|:---:|:---:|



Premier did not claim a monopoly in geometric textile designs, but only reasonable protection for its original artistic rendering contained in one such design. And especially at the pleading stage, Premier's reliance on its copyright registration, the virtual identity of the designs at issue was sensible, and the lack of any reliable evidence of prior independent creation was sensible. So owing, Defendants' Motion must fail.

b) *Plaintiff's motivation, to protect its intellectual property, mandates denying Defendant's request for fees.*

Further to the above, there is no evidence that Premier has been motivated by anything other than a desire to protect the integrity of its copyright and stop design piracy. That motivation does not justify an award of fees. Premier acted in reliance upon its federal copyright registration, the overwhelming similarity of the designs at issue, and Defendants' lackluster evidence of prior art in the public domain. Because Premier's motivation was simply to

prosecute its intellectual property, and because Defendants' theory that Premier's claim was unsupportable crumbles under the weight of evidence and authority to the contrary, attorneys' fees are unwarranted in this case and this Motion should be denied.

    *c)*   *An award of attorneys' fees to Defendants would deter prosecution of unauthorized derivatives and frustrate the purposes of the Copyright Act.*

       Through the Motion, Defendants have made clear that they wish to deter Premier from enforcing its copyrights. Apparently they believe that defending a clear infringement and requesting attorneys fees without ever having prevailed on an action would encourage the goals of the Copyright Act. They are wrong.

       In determining whether to deny attorneys' fees, the Court should consider the need in a particular case to compensate or deter and the purposes of the Copyright Act. *Matthew Bender & Co. v. West Publ'g Co*., 240 F.3d 116, 121 (2d Cir. N.Y. 2001)*; Action Tapes, Inc. v. Mattson*, 462 F.3d 1010 (8th Cir. 2006). Here, a denial of Defendant's attorneys' fees is entirely appropriate because the claims asserted by Premier are precisely the type of claim "which section 505 is intended in part to encourage." *Folio Impressions, Inc. v. Byer California,* 937 F.2d 759, 767 (2d Cir. N.Y. 1991)(affirming denial of defendants' motion for attorneys' fees)(citing *Roth v. Pritikin,* 787 F.2d 54, 57 (2d Cir. 1986)). The Copyright Act was promulgated to encourage companies like Premier to create, disseminate, and protect original artwork from misappropriation and piracy. As the Second Circuit stated in *Matthew Bender & Co*.,: "The 'principle purpose of the Copyright Act is to encourage the origination of creative works by attaching enforceable property rights to them.'" 240 F.3d at 122 (citations omitted). As such, it does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim.[11]

---

[11] As the Ninth Circuit provides in *Brod v. Gen. Publ'g Group, Inc.*, 32 Fed. Appx. 231, 236 (9th Cir. Cal. 2002) (citations omitted):

> [W]hile Collins did prevail in the action, Brod's claim raised colorable legal and factual issues...there is no evidence that Brod's action was brought in bad faith...resorting to the legal process was neither malicious nor frivolous...the need for compensation and deterrence is not compelling...*We will not discourage "starving artists" from defending copyrights in original works due to the threat of attorney's fees*.

*Id.*

PREMIER FABRICS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER GRANTING DISMISSAL WITH PREJUDICE, AND GRANTING ATTORNEYS' FEES

An attorneys' fees award here will also seriously chill the enforcement of copyrights and embolden infringers by creating a safe-haven for infringers who produce minimally similar prior art without any indication that such prior art was utilized in the works at issue. This loophole will result in additional infringements and will decrease the market for original works since it would be foolish to pay for something that can be recast, transformed, or adapted for near-free and imported from countries that utilize questionable employment and manufacturing practices at a marked discount so long as tangentially similar looking prior art can be found at a later date. There is simply too great a risk that future plaintiffs will be deterred from prosecuting valid infringement claims when they find derivations of their work being exploited by others. Deterring such good faith (even if ultimately unsuccessful) claims would contravene the aim of the Copyright Act. Defendants' claimed attorneys' fees for defending this copyright action must not be awarded.

As detailed above, Defendants have offered no evidence to support their statements that Premier pursued frivolous claims, or that granting the Motion will deter frivolous copyright infringement cases. Rather, the granting attorneys fees to Defendants ─especially in an action in which they have not prevailed ─ runs counter to the letter and aim of the Copyright Act. The Motion must be denied.

## V.  <u>Defendants' Requested Costs are Unreasonable</u>

Even if Defendants were entitled to fees in this case, they have failed to show that any of the requested fees are reasonable.

Pursuant to the Copyright Act, this Court may only award reasonable attorneys' fees. 17 U.S.C. § 505. Here, Defendant's attorneys' fees request is unaccompanied by *any reliable support whatsoever*. It is settled law that the party seeking to recover attorneys fees and costs must provide contemporaneous and detailed fee records that indicate, not only the number of hours worked, but also the matters involved. *McCann v. Coughlin*, 698 F.2d 112, 131 (2d Cir. 1983); *see also Monaghan v. SZS 33 Assocs*., L.P. 154 F.R.D 78 *86 (S.D.N.Y. 1994) (citing *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1269 (2d Cir. 1987) (The fee applicant has the burden of establishing the reasonableness of the expense it seeks to recover and must provide the court "a detailed accounting of the expenses which ties the purported expenses with a specified legal product."). Indeed, as the Supreme Court states: "The [party seeking fees] must provide appropriate documentation of the hours spent and the market rate. If

the documentation is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Moreover, the party seeking to recover attorneys' fees and costs also bears the burden of demonstrating that they made a good faith effort to exclude excessive, redundant, and unnecessary hours from the evidence of fees submitted to the Court. *Hensley* 461 U.S. at 434.

Defendants fail to provide *any* contemporaneous records to support their asserted fees. Nor do they provide any reasonable recitation of the actual tasks for which they seek to recover attorneys fees and costs. Defendants have thus failed to meet their burden of proving the propriety of their claimed fees and costs. Indeed, Defendants only bothered to make a single self-serving declaration as to the time supposedly spent on this case without any other supporting evidence or documentation whatsoever. This tactic has been lambasted in this Circuit. *See Sierra Club v. United States Army Corps. of Engineers,* 776 F.2d 383, 392 (2d Cir. N.Y. 1985)(citing *Sealey, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1385 (9th Cir. 1984) (A mere representation by the moving party that fees were reasonably incurred, as made by Defendants here, is insufficient to support a fees and costs award). As such, Defendants fall well short of meeting their burden of establishing the reasonableness of the expenses they seek to recover.

And (left to guess how Defendants' counsel spent its time in this matter) Defendants' request for attorneys' fees of $32,400.00 is nonetheless grossly disproportionate to the work needed on this case. Indeed, this case involved no discovery, no dispositive motion practice, and the filing of only minor motions to dismiss. Especially given the touted sophistication of Defendants' counsel, having handled a vast array of copyright infringement litigations in the past, there is no justification for seeking recovery of over $30,000.00.

A review of Defendants' unsupported fees request reveals that Defendants' purported fees and costs are inflated, with no substantive proof for their necessity or reasonableness. As such, Defendants are not entitled to any fees or costs as requested.

## VI. Conclusion

Because Premier's Notice of Dismissal was proper under all applicable rules and Defendants cannot be considered prevailing parties of the action, Defendants' Motion must be denied in its entirety. And if granted Defendants post-hoc prevailing party status, Defendants' request for fees and costs is unsupported and unreasonable, and must therefore be denied. In the

alternative, Plaintiff should be granted leave to provide supplemental briefing as this Court deems appropriate.

Respectfully submitted,

Dated:  August 5, 2014          By: /s/ Steven Brill
                                Steven Brill
                                Sullivan & Brill, LLP
                                (local counsel)
                                115 Broadway, 17th Flr.
                                New York, NY 10006
                                (212) 566-1000
                                Fax: (212)566-1068
                                Email: steveb@sullivanbrill.com

                                Stephen M. Doniger, Esq.
                                Scott A. Burroughs, Esq.
                                (to be admitted *pro hac vice*)
                                DONIGER / BURROUGHS APC
                                Attorneys for Plaintiff Premier Fabrics, Inc.

PREMIER FABRICS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER GRANTING
DISMISSAL WITH PREJUDICE, AND GRANTING ATTORNEYS' FEES

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of August, 2014, I served a true and correct copy of

PREMIER FABRICS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER

GRANTING DISMISSAL OF THE ENTIRE ACTION WITH PREJUDICE, AND GRANTING

DEFENSANTS' THEIR REASONABLE ATTORNEYS' FEES electronically on counsel for

defendants by ECF.


By:   <u>/s/ Steven Brill</u>
Steven Brill

PREMIER FABRICS, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER GRANTING
DISMISSAL WITH PREJUDICE, AND GRANTING ATTORNEYS' FEES