UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PREMIER FABRICS, INC.,

                Plaintiff,


      -against-                                 13-cv-7522 (LAK)


WOODLAND TRADING INC., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION
(Corrected)

Appearances:

        Steven Brill
        SULLIVAN & BRILL, LLP

        Stephen M. Doniger, Esq.
        Scott A. Borroughs
        DONIGER / BURROUGHS APC

        *Attorneys for Plaintiff*


        Sumeer Kakar
        SUMEER KAKAR, ESQ.

        *Attorney for Defendants*


LEWIS A. KAPLAN, *District Judge.*

        This copyright infringement case was commenced in the Central District of California and transferred here pursuant to 28 U.S.C. § 1404(a).  Following the filing of an amended complaint and a motion by defendants to dismiss the amended complaint pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment dismissing the amended complaint – and just days before its response to that

motion was due – plaintiff filed a purported notice of voluntary dismissal without prejudice.  Defendants now move for an order dismissing the action with prejudice on the ground that the filing of their motion to dismiss or for summary judgment terminated plaintiff's unconditional right to discontinue without prejudice and for attorney's fees.

*Voluntary Dismissal Without Prejudice*

> Rule 41(a) governs voluntary dismissal.  It provides in pertinent part:
>
> > "(1)   *By the Plaintiff.*
> >
> > "(A)   *Without a Court Order.* *  *  *  [T]he plaintiff may dismiss an action without a court order by filing:
> >
> > > "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> > >
> > > "(ii) a stipulation of dismissal signed by all parties who have appeared.
> >
> > "(B)   *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
> >
> > "(2)   *By Court Order; Effect.*   Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  *  *  *  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

In this instance, the defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment of dismissal.  By the plain language of Rule 41(a)(1)(A)(i), the filing of that motion terminated plaintiff's right to dismiss the action by notice.  Plaintiff's contentions that no summary judgment motion was filed because (a) the defendants' motion was "labeled" as a

motion to dismiss[1] and (b) defendants requested summary judgment only in the body of the notice of motion and only as an alternative to a 12(b)(6) dismissal are entirely frivolous.

Plaintiff argues next that this case is the same as *Lichtenstein v. Cader*.[2] The argument, however, is incorrect, as *Lichtenstein* is distinguishable.

The defendant in that case moved to dismiss the complaint in favor of a first filed Hong Kong action or for failure to state a claim. He submitted in support of the motion (a) an affidavit that attached copies of papers filed with or sent to the New York or Hong Kong courts, copies of unreported decisions, and similar material, and (b) a second affidavit that attached a copy of the decision of the Hong Kong court. Rather than respond to the motion, the plaintiff filed a purported notice of voluntary dismissal without prejudice. The defendant argued that the notice was ineffective on the theory that the submission of materials outside the complaint would have permitted the court to treat the motion to dismiss as one for summary judgment and therefore cut off the plaintiff's right to dismiss by notice.

Magistrate Judge Cott rejected that argument. He reasoned first that the Hong Kong materials were appropriate subjects of judicial notice and could have been considered without conversion of the motion to dismiss into one for summary judgment. Even if they could have been considered only by conversion of the motion, the motion had not been so converted. Thus, no motion for summary judgment had been filed, and plaintiff's right to discontinue without prejudice by notice remained extant

---

[1] This refers to the title on the cover page of defendants' memorandum of law. *See* DI 41. Defendants' notice of motion, however, contained no such title and described the relief sought by the motion as "an Order, pursuant to Federal Rule 12(b)(6), dismissing the First Amended Complaint . . . for a failure to state a cognizable claim of relief or, in the alternative, granting the Defendants summary judgment, pursuant to Federal Rule 56, dismissing the Plaintiff's First Amended Complaint in its entirety." DI 40.

[2] No.13-2690 (LAK) (JLC), 2013 WL 4774717 (S.D.N.Y. Sept. 6, 2013).

4

at the time plaintiff's notice was filed.  I adopted the report and recommendation, which was in accord with a number of appellate decisions.[3]

This is an entirely different case.  Here, defendants moved to dismiss or, alternatively, for summary judgment.  Unlike the plaintiff in *Lichtenstein*, plaintiff here was on notice that it had to put forward evidentiary material sufficient to raise a triable issue of fact or risk dismissal on the merits.  Here, unlike *Lichtenstein*, there was no question as to whether the district court would exercise its discretion to convert a Rule 12(b)(6) motion to one for summary judgment.  It was obliged to deal with the request for summary judgment in the event that it concluded that the complaint stated a cause of action.

Finally, plaintiff argues that the defendants' motion should not be regarded as a motion for summary judgment for Rule 41 purposes because it did not comply with S.D.N.Y. Civ. R. 56.1.  The fact that the motion might have been denied, however, did not make it any less of a motion for summary judgment.

Accordingly, I hold that the filing of defendants' motion terminated plaintiff's right to dismiss by notice.  The notice of voluntary dismissal in this case [DI 44] was not effective.

---

[3]   *E.g., Finley Lines Joint Prot. Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 995-97 (4th Cir. 1997).

*Yosef v. Passamaquoddy Tribe*, 876 F.2d 283 (2d Cir. 1989), *overruled on other grounds*, *Chemiakin v. Yefimov*, 932 F.2d 124, 129 (2d Cir. 1991), did not compel a different result.  In *Yosef*, the Court of Appeals ruled that the district court retained jurisdiction over the case despite plaintiff's attempt voluntarily to dismiss the action.  Because the parties relied upon evidentiary materials beyond the complaint in briefing a Rule 12(b)(6) motion to dismiss and because the district court did not exclude the materials outside the pleadings, the Second Circuit ruled that the "motion to dismiss was transformed into a request for summary judgment," *id.* at 286, and the voluntary dismissal was ineffective.

*The Proper Disposition*

Defendants leap from the premise that the notice of voluntary dismissal without prejudice was ineffective to the assumption that the Court should dismiss the action with prejudice. They then go on to seek attorney's fees under Section 505 of the Copyright Act[4] as the prevailing party. But they offer no support for the critical leap from the ineffectiveness of the notice to the idea that they are entitled to prevail on the merits. They perhaps assume, although they have not argued, that plaintiff took the very substantial risk that its notice of voluntary dismissal was ineffective, defaulted on the motion to dismiss or for summary judgment, and therefore should suffer judgment against it on the merits.

I decline to take that path. The failure of a non-moving party to respond to a motion to dismiss for failure to state a legally sufficient claim is not such a default as alone to warrant dismissal of a complaint.[5] And, as plaintiff points out, the alternative motion for summary judgment failed to comply with our local rule, which is sufficient ground to deny it. Thus, if there is to be a dismissal with prejudice at this juncture, which would be essential to defendants becoming prevailing parties, it must be on the ground that the amended complaint is legally insufficient.

A.   *Plaintiff's Allegations*

Defendants advance two arguments to dispose of plaintiff's claims. First, they claim that their product is not substantially similar to the protectible elements of plaintiff's design and, in any event, that the plaintiff's design is not original and therefore not the subject of a valid copyright. They argue in the alternative that plaintiffs have failed to state legally sufficient claims for vicarious and contributory copyright infringement.

---

[4] 17 U.S.C. § 505.

[5] *See, e.g.*, *Goldberg v. Danaher*, 599 F.3d 181, 183-84 (2d Cir. 2010).

*1.    Copyright Infringement*

In order to establish a claim of copyright infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of the plaintiffs."[6]

For the purposes of the motion to dismiss, the Court assumes without deciding that actual copying occurred.[7] In determining substantial similarity as a matter of law on a motion to dismiss, the standard inquiry is whether an "ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same."[8] In applying that standard, the Court asks whether "an average lay observer would [] recognize the alleged copy as having been appropriated from the copyrighted work."[9] A court may find noninfringement as a matter of law only if "no reasonable trier of fact could find the works substantially similar," or if "the similarity concerns only noncopyrightable elements of [the plaintiff's] work."[10]

---

[6]    *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999) (internal quotation marks and emphasis omitted)).

[7]    Defendants concede for the purposes of this motion that they had access to plaintiff's design, *see* Def. Mem. [DI 41] at 12 n.9, and the Court assumes the patterns are sufficiently similar to be probative of copying. *Peter F. Gaito Architecture*, 602 F.3d at 63; *Hamil*, 193 F.3d at 99.

[8]    *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960).

[9]    *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995) (quoting *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 766 (2d Cir. 1991)).

[10]    *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir. 1986).

7

A comparison of the works at issue precludes the Court from concluding that no reasonable trier of fact could find the works substantially similar. Both designs feature a motif of repeating rectangles containing slanted bars in a pattern of alternating colors. To be sure, the designs' color schemes are different, as are the sequences in which the colors are repeated within each rectangle. In addition, the edges of the bars in the plaintiff's design are rough while those in the defendant's design are smooth. Taken together, however, the designs' "total concept and overall feel" are similar.[11] Although a trier of fact ultimately may find that they are sufficiently distinct to preclude a finding of copyright infringement, the Court cannot rule at this juncture as a matter of law that they are so different as to demand dismissal of plaintiff's claims.

Defendants' effort to paint the plaintiff's design as unoriginal is likewise unsuccessful. The plaintiff's copyright registration gives rise to a presumption of both the validity of the copyright and the originality of the work.[12] Copyright's mandate of originality, moreover, requires only independent creation not novelty. So long as the work has not been copied, the registration is valid.[13] To quote Judge Hand, "if by some magic a man who had never known it were to compose Keats' Ode On a Grecian Urn, he would be an 'author,' and, if he copyrighted it, others might not copy that poem, though they might of course copy Keats."[14] Although the presumption may be rebutted by evidence that clearly

---

[11] *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 133-34 (2d Cir. 2003) ("[I]nfringement analysis is not *simply* a matter of ascertaining similarity between components viewed in isolation. For the defendant may infringe on the plaintiff's work not only through literal copying of a portion of it, but also by parroting properties that are apparent only when numerous aesthetic decisions . . . are considered in relation to one another.") (citations omitted).

[12] *Boisson v. Banian, Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001).

[13] *Mulberry Thai Silks, Inc. v. K&K Neckwear, Inc.*, 897 F. Supp. 789, 792 (S.D.N.Y. 1995).

[14] *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 54 (2d Cir. 1936), *cert. denied*, 298 U.S. 669 (1936).

demonstrates that plaintiff's design lacks originality,[15] defendants' submission of public domain designs contained in a book, *Japanese Optical and Geometrical Art: 746 Copyright-Free Designs for Artists and Craftsmen*,[16] falls woefully short of that mark. The designs to which defendants point bear only a passing resemblance to those at issue in this case and thus fail to rebut the presumption to which plaintiffs are entitled.

        2.      *Contributory and Vicarious Copyright Infringment*

Plaintiff's claims for contributory and vicarious copyright infringement are another matter. "One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it."[17] While knowledge – either constructive or actual – is a required element of contributory copyright infringement,[18] it is not required to state a claim for vicarious copyright infringement.[19]

Plaintiff alleges that defendant Woodland Trading Inc. ("Woodland") sold and marketed fabric bearing the allegedly infringing design to defendant Ross Stores ("Ross"), which then marketed

---

[15] *See Hamil*, 193 F.3d at 98; *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997).

[16] Decl. of Sumeer Kakar [DI 43], Ex. F (public domain designs featured in *Japanese Optical and Geometrical Art: 746 Copyright-Free Designs for Artists and Craftsmen*).

[17] *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (internal citations omitted).

[18] *Matthew Bender & Co., Inc. v. West Publishing Co.*, 158 F.3d 693, 706 (2d Cir. 1998) (quoting *Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)).

[19] *Gershwin Publishing Corp.*, 443 F.2d at 1162.

and sold garments made of the allegedly infringing fabric.[20]  It likewise alleges that Woodland "is aware and has knowledge" that plaintiff's design is protected by copyright, "as Woodland itself has made claims in Federal Court of infringement of such a design."[21]  Although plaintiff's allegations hardly are a model of clarity, they are sufficient at this stage to state a claim for contributory and vicarious infringement against Woodland, which plaintiffs allege provided the allegedly infringing fabric design to Ross and directly profited from that sale.

Plaintiff's allegations concerning defendant Ross are more precarious.  Apart from the conclusory allegation that "[d]efendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design,"[22] the First Amended Complaint makes no allegations of Ross's knowledge or the scope of its control, if any, over the allegedly infringing activity.  Because plaintiff fails to allege that Ross knowingly induced or encouraged direct infringement, or enjoyed a right to stop or limit the infringing activity,[23] plaintiff's claims for vicarious or contributory liability against Ross are dismissed for failure to state a claim.

---

[20] First Amended Complaint ("FAC") [DI 32] ¶¶ 11, 13.

[21] *Id.* ¶ 15.

[22] *Id.* ¶ 28.

[23] *See Grokster*, 545 U.S. at 930.

10

B.      *Attorneys' Fees*

The dismissal of plaintiff's vicarious and contributory liability claims against Ross notwithstanding, the Court finds that it is premature to award attorneys' fees under Section 505 of the Copyright Act at this juncture. Given that the majority of plaintiff's case survives defendant's motion to dismiss, the Court cannot find at this stage of the litigation that plaintiff's claims are objectively unreasonable or frivolous.[24]

*Conclusion*

For the foregoing reasons, plaintiff's notice of voluntary dismissal in this case [DI 44] was not effective.  Defendants' motion for attorney fees is dismissed as premature [DI 45].  Defendants' motion to dismiss [DI 40] is granted to the extent that plaintiff's claim for vicarious or contributory copyright infringement against Ross is dismissed; it is denied in all other respects.

SO ORDERED.

Dated:       August 26, 2014
Corrected:   August 28, 2014

>                  /s/   Lewis A. Kaplan
>                       Lewis A. Kaplan
>                  United States District Judge

---

24  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994); *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).